GORDON HOYT ASSOCIATES, INC. *v.* STATEWIDE INSURANCE CORPORATION
(3866)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued February 5—decision released April 15, 1986

*M. Frances Reese,* with whom, on the brief, was *James M. S. Ullman,* for the appellant (defendant).

*Lawrence J. Kendzior,* for the appellee (plaintiff).

BORDEN, J. The defendant appeals from the judgment of the trial court rendered upon a finding of facts filed by a factfinder pursuant to Practice Book § 546G. The dispositive issue involves the effect of the failure of the defendant to file an objection to the acceptance of the finding of facts pursuant to Practice Book § 546H. We find no error.

The plaintiff, an insurance underwriter, sued the defendant, an insurance broker, for unpaid insurance premiums pursuant to an implied agreement. The case was referred to a factfinder pursuant to Practice Book § 546D. Compare *Ruhl* v. *Fairfield,* 5 Conn. App. 104, 496 A.2d 994 (1985) (referral to attorney trial referee). The factfinder filed his finding of facts, resolving the factual issues in favor of the plaintiff and awarding damages to it. The defendant did not file an objection to the finding of facts. The court rendered judgment on that finding, from which the defendant appeals.

The sole claims raised by the defendant on appeal can be reduced to the argument that the factfinder erred in relying on evidence offered by the plaintiff regarding a certain custom and usage of the insurance industry. It is clear that these claims attack the propriety of the finding of facts on the ground of evidentiary insufficiency.

Practice Book § 546H provides as follows: "A party may file objections to the acceptance of a finding of facts on the ground that conclusions of facts stated in it were not properly reached on the basis of the subordinate facts found, or that the factfinder erred in rulings on evidence or in other rulings, or that there are

other reasons why the finding of facts should not be accepted. Objections must be filed within fourteen days after the filing of the finding of facts."

Practice Book § 546J provides in pertinent part that "[a]fter review of the finding of facts and hearing on any objections thereto, the court may" take any of six actions, including "render[ing] judgment in accordance with the finding of facts . . . ."

Reading these two provisions together, we conclude that where a party seeks to avoid a judgment to be rendered pursuant to a factfinder's finding of facts on the ground that the evidence upon which those facts found is insufficient, he must timely file a written objection pursuant to Practice Book § 546H. Absent such a timely objection, the court is warranted in rendering judgment on the finding of facts. The purpose of Practice Book § 546H is to provide the adverse party and the court with adequate advance notice of the basis of the objection to the finding, so that an informed decision may be made. To permit a party to challenge the factual underpinning of a finding of facts after a judgment has been rendered, where that party has not first objected to the finding, would render Practice Book § 546H precatory and would undercut its purpose. Because the defendant in this case filed no such written objection, the court was fully justified in rendering judgment on the finding of facts.

We do not suggest, however, that the absence of a timely written objection to the finding of facts *compels* a court to render judgment thereon. Since the act of rendering judgment is that of the court, and not that of the factfinder, the court is free, upon "review of the finding of facts"; Practice Book § 546J; to take any of the other five actions listed in that section which it deems appropriate, where there is a clear indication in the record before it that judgment is inappropriate.

We hold only that, in the absence of any clear indication to the contrary in the record, when no timely written objection has been filed pursuant to Practice Book § 546H, the trial court's decision to render judgment will not be disturbed. There is no such clear indication in this record.

There is no error.

In this opinion the other judges concurred.