# BANKS BUILDING COMPANY, LLC *v.* MALANGA FAMILY REAL ESTATE HOLDING, LLC
## (AC 25534)

Lavery, C. J., and Schaller and Berdon, Js.

Argued September 22—officially released November 22, 2005

*Michael T. McCormack*, with whom was *Benjamin M. Buckley*, for the appellant (defendant).

*Steven M. Basche*, for the appellee (plaintiff).

Opinion

LAVERY, C. J. This case concerns a construction contract dispute. The matter was referred to an attorney fact finder who filed a report, on the basis of which the trial court subsequently rendered judgment awarding damages to the plaintiff, Banks Building Company, LLC. The defendant, Malanga Family Real Estate Holding, LLC, claims on appeal that the court improperly (1) rendered judgment for the plaintiff on its breach of contract claim because a subsidiary finding that the defendant had waived a provision of the contract was clearly erroneous, (2) rendered judgment for the plaintiff on the defendant's counterclaim while inconsistently awarding the defendant damages on that counterclaim and (3) rendered judgment on the fact finder's report without first holding a hearing on the defendant's objections thereto. We agree with the defendant's third claim and, accordingly, reverse the judgment of the trial court.[1]

The following procedural history is pertinent. On February 24, 2003, after the defendant failed to pay the plaintiff an amount purportedly due for construction work, the plaintiff filed a two count complaint[2] in Superior Court. The defendant filed an answer, three special defenses and a counterclaim.[3] Because the amount in

---

[1] Because the defendant's third claim is dispositive, we do not reach its first and second claims.

[2] The plaintiff alleged breach of contract and, alternatively, unjust enrichment.

[3] In its counterclaim, the defendant alleged that the plaintiff had materially breached the parties' contract first, thereby excusing the defendant's performance.

dispute was less than $50,000, the court referred the matter to an attorney fact finder. See General Statutes § 52-549n; Practice Book § 23-53. The fact finder held a hearing on February 2 and 9, 2004, and, on April 12, 2004, filed a report outlining his findings of fact and recommended disposition. See General Statutes § 52-549r; Practice Book §§ 23-55, 23-56. The fact finder made a number of subordinate findings, including that the defendant through its actions had waived a provision of the contract stating that "time is of the essence," and that the defendant was entitled to certain offsets from the amount due to the plaintiff under the contract. In conclusion, he recommended judgment in favor of the plaintiff in the amount of $22,336.80.

Thereafter, the defendant timely filed objections to the fact finder's report, along with a memorandum of law in which he requested oral argument. See General Statutes § 52-549s; Practice Book § 23-57. The defendant argued that "(1) the conclusions of fact were not properly reached on the basis of the subordinate facts; (2) the findings of fact [were] not supported by the evidence presented in the hearings in this matter; [and] (3) the legal conclusions reached by the [fact finder] are logically and legally incorrect." The defendant requested revocation of the case from the fact finder or a remand for another hearing. See General Statutes § 52-549s; Practice Book § 23-58.

On June 3, 2004, the court, without holding a hearing, overruled the defendant's objections and, on June 8, 2004, rendered judgment accepting the fact finder's report. In a later issued memorandum of decision, the court stated only the following: "In overruling the defendant's objection to finding of fact, the court reviewed the finding of fact report and determined that the finding of fact was correctly reached on the basis of the evidence and facts found by the fact finder. The finding

of fact by the fact finder is supported by the evidence presented at the hearing." This appeal followed.

The defendant claims that the court improperly rendered judgment on the fact finder's report without first holding a hearing on its objections. It notes that the court could not have reviewed all of the transcripts from the proceedings before the fact finder because those transcripts were not completed until a date subsequent to the judgment. The plaintiff concedes that the court should have held a hearing. We agree that a hearing on the defendant's objections was required under the rules governing references of matters to attorney fact finders and conclude that reversal is necessary for this reason.

Resolution of this issue requires an interpretation of our rules of practice and, therefore, presents a question of law over which our review is plenary. *Murphy* v. *Zoning Board of Appeals*, 86 Conn. App. 147, 151, 860 A.2d 764 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1080 (2005). The rules of statutory construction are equally applicable to the interpretation of a rule of practice. *State* v. *Tutson*, 84 Conn. App. 610, 624, 854 A.2d 794, cert. granted on other grounds, 271 Conn. 935, 861 A.2d 511 (2004). Accordingly, where the meaning of a rule is unambiguous, considering the text of the rule and its context within related provisions, we need inquire no further into the drafters' intent. See id.; see also General Statutes § 1-2z.

"In 1983, the legislature enacted General Statutes §§ 52-549n through 549t, creating the factfinder program for specified types of contract actions, and shortly thereafter Practice Book §§ 546B through 546K [now §§ 23-52 through 23-59] implemented that legislation." *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 422, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). Subject to certain

conditions, attorney fact finders are empowered to hear and to decide issues of fact in contract actions pending in the Superior Court when the amount in controversy is less than $50,000. General Statutes § 52-549n; Practice Book § 23-53. The statutes and rules of practice both require the fact finder to file findings with the court, including a recommendation regarding an award of damages, if applicable. General Statutes § 52-549r; Practice Book § 23-56 (a).

Practice Book § 23-58 (a) provides that "*[a]fter review of the finding of facts and hearing on any objections thereto,* the judicial authority may take the following action: (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate."[4] (Emphasis added.)

The foregoing provision gives the reviewing court a number of discretionary options for disposition of a referred matter following the filing of a fact finder's report, including the rendering of judgment in accordance with the finding of facts. Practice Book § 23-58 (a) (1). Nevertheless, the plain language of the rule indicates that if any objections to the report have been

---

[4] The statutory counterpart to Practice Book § 23-58 provides similar options for a court's disposition of a fact finder's report, but instead of explicitly contemplating a hearing on objections, provides that "[t]he parties may file objections to the acceptance of the finding of fact in accordance with rules established by the judges of the Superior Court. . . ." General Statutes § 52-549s.

raised, the court, before deciding on one of the available courses of action, must take the mandatory prerequisite step of holding a hearing on the objections. Compare *Gordon Hoyt Associates, Inc.* v. *Statewide Ins. Corp.*, 7 Conn. App. 115, 117, 507 A.2d 528 (1986) ("[*a*]*bsent such a timely objection,* the court is warranted in rendering judgment on the finding of facts" [emphasis added]). Because the court here declined to do so, its ultimate judgment was rendered improperly.

In this case, bypassing the hearing was especially problematic because the court, in rendering judgment, did not have before it all of the evidence necessary to consider properly the particular objections raised by the defendant. There is no per se requirement that a court review the transcripts of the hearing before the fact finder prior to rendering judgment on the fact finder's report. See *Shapero* v. *Mercede*, 66 Conn. App. 343, 350, 784 A.2d 435 (2001). When an objection raises the claim, however, that the facts found lack evidentiary support, the court must review all of the evidence that was before the fact finder to make an informed disposition of the objection. See id., 350–51; see also *Beizer* v. *Goepfert*, 28 Conn. App. 693, 704, 613 A.2d 1336 (fact finder's "finding is clearly erroneous when although there is evidence to support it, the reviewing court *on the entire evidence* is left with the definite and firm conviction that a mistake has been committed" [emphasis added; internal quotation marks omitted]), cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993).

Our General Assembly created a system for referring contract disputes with relatively small economic stakes to fact finders so that the courts could better focus on larger, more complicated matters that tended to languish on the docket. Although maximum judicial efficiency is a worthy pursuit which the fact finder

referral program helps to advance, some of the legislators debating its passage raised a significant concern, namely, that it would create a two-tiered system of justice whereby some litigants are deprived of a day in court, sending the message that their cases are perceived as unimportant. See, e.g., 24 S. Proc., Pt. 11, 1981 Sess., p. 3592, remarks of Senator Myron R. Ballen; id., p. 3595, remarks of Senator Howard T. Owens, Jr. The hearing on objections is an important safeguard which serves to prevent this circumstance, and it must not be disregarded.

The judgment is reversed and the case is remanded for a hearing on the defendant's objections to the fact finder's report, after which the court may take any of the actions specified in Practice Book § 23-58.

In this opinion the other judges concurred.