## BANKS BUILDING COMPANY, LLC *v.* MALANGA FAMILY REAL ESTATE HOLDING, LLC
### (AC 27822)

Bishop, Gruendel and Lavine, Js.

Argued March 23—officially released July 3, 2007

*Michael T. McCormack*, for the appellant (defendant).

*Steven M. Basche*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. This case concerns a construction contract dispute. The matter was referred to an attorney fact finder, who filed a report, on the basis of which the trial court subsequently rendered judgment in favor of the plaintiff, Banks Building Company, LLC. The defendant, Malanga Family Real Estate Holding, LLC, claims on appeal that the judgment was premised on an erroneous conclusion by the court that the defendant had waived a provision of the contract.[1] We affirm the judgment of the trial court.

---

[1] The defendant also claims that the judgment is internally inconsistent because the court rendered judgment in favor of the plaintiff on the defendant's counterclaim and yet awarded $2500 for lost rental income to the defendant on a claim that appears to have been part of the defendant's counterclaim. The defendant is likely correct. The court's award to the defendant of $2500 for lost rental income could stem only from the defendant's counterclaim, as it arose as a consequence of the alleged delay in completion of the construction, which, in turn, purportedly prevented a

The following facts and procedural history are relevant to our discussion of the issues on appeal. In August, 2002, the plaintiff began to construct the "outer shell" of a building for the defendant pursuant to an oral agreement. Subsequent to a dispute regarding the demolition of another building, the parties, on September 3, 2002, entered into a formal written contract with supplementary conditions,[2] pursuant to which the plaintiff agreed to construct the shell of a building[3] in the Gateway Shopping Plaza in Manchester for the defendant in exchange for $93,360. The contract imposed a deadline of September 13, 2002, for completion of construction and included a *time is of the essence* clause regarding this date. The defendant made one progress payment to the plaintiff in the amount of $46,680 on September 6, 2002, in satisfaction of its obligation under the contract. Final payment was due under

tenant from commencing its lease with the defendant. Because this delay arose as a consequence of a delay in completion of the contract, it logically arose from the transaction described in the complaint. See *Northwestern Electric, Inc.* v. *Rozbicki*, 6 Conn. App. 417, 426, 505 A.2d 750 (1986) ("[i]f the claim arises out of the same transaction described in the complaint, it is characterized as a counterclaim"). Although we agree with the defendant that the court's award of $2500 to the defendant as lost rental income is inconsistent with its findings in favor of the plaintiff on the defendant's counterclaim for breach of contract and the related determination that the defendant had waived the time of the essence clause in the parties' contract, we note that the plaintiff did not file a cross appeal claiming that the court improperly made this award. Thus, we decline to reach the issue. See *Housing Authority* v. *Charter Oak Terrace/Rice Heights Health Center, Inc.*, 82 Conn. App. 18, 19 n.1, 842 A.2d 601 (2004). To the extent that this award is inconsistent with the court's finding in favor of the plaintiff on its complaint, we can not determine from this record whether the court mistakenly believed it to be a matter of setoff rather than a counterclaim issue. Accordingly, the inconsistency itself does not provide an adequate basis for reversal.

[2] One such condition provided that after substantial completion of the shell by the plaintiff, the defendant could begin its interior projects, such as electrical work, for the building. The defendant commenced work on its interior projects on September 5, 2002.

[3] Upon completion, the building, as all parties were aware, would be leased by the defendant to a jewelry store known as "Christie's Fine Jewelry."

the terms of the contract "within one (1) day of comple-
tion of the [w]ork . . . ."

The construction of the building's shell, however,
was not completed by September 13, 2002. The plaintiff
sent its final invoice for $46,680 on October 23, 2002,
the date it claimed to have completed its performance
of the contract.[4] The defendant, in turn, refused to pay
the invoice on the ground that the plaintiff had not
completed its performance obligation by September 13,
2002. Therefore, the defendant claimed, it was relieved
of its obligation to pay the plaintiff because the project
was not completed by the contract completion date.

Subsequently, as a result of the defendant's failure to
pay the remaining amount purportedly due,[5] the plaintiff
filed a two count complaint, alleging breach of contract
and, alternatively, unjust enrichment.[6] The defendant
filed an answer, three special defenses and a counter-
claim, alleging that the plaintiff had materially breached
the parties' contract, thereby excusing the defendant's
performance. In a previous appeal of this matter involv-
ing a different issue, this court set forth the matter's
procedural history as follows: "Because the amount in
dispute was less than $50,000, the court referred the
matter to an attorney fact finder. . . . The fact finder
held a hearing on February 2 and 9, 2004, and, on April
12, 2004, filed a report outlining his findings of fact and
recommended disposition. . . . The fact finder made
a number of subordinate findings, including that the
defendant through its actions had waived a provision

---

[4] The parties agree that the plaintiff's work under the contract could not
be considered completed until the work passed inspection. That did not
occur until October 31, 2002.

[5] As noted, the total contract price was $93,360 of which $46,680 was paid
in September, 2002. The plaintiff invoiced the defendant on October 23,
2002, for the contract balance of $46,680 but discounted that amount by
$24,210 for work paid for or performed by the defendant.

[6] The court's judgment in this instance is based solely on the contract
count.

of the contract stating that 'time is of the essence,' and that the defendant was entitled to certain offsets from the amount due to the plaintiff under the contract. [He concluded that] judgment [should enter] in favor of the plaintiff in the amount of $22,336.80 [and against the defendant on its counterclaim]." (Citations omitted.) *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, 92 Conn. App. 394, 395–96, 885 A.2d 204 (2005).

On the basis of the attorney fact finder's report, the court, *Hon. Mary R. Hennessey*, judge trial referee, issued a memorandum of decision adopting the fact finder's recommendation and rendering judgment in favor of the plaintiff.[7] The court concluded that "[s]ufficient evidence was presented to support the fact finder's conclusion that the defendant waived the 'time is of the essence' requirement in the contract. The fact finder concluded that '[t]here were delays on the project, but the parties adopted a course of dealings where the defendant completed some of the construction items that were the plaintiff's responsibility under the contract. The defendant waived reliance on the time is of the essence provision of the contract by its actions.' " This appeal followed.

We begin our analysis of the defendant's claim on appeal by setting forth the applicable standard of review. "Attorney fact finders are empowered to hear and decide issues of fact on contract actions pending in the Superior Court . . . . On appeal, [o]ur function

---

[7] Initially, the court adopted the fact finder's recommendation and improperly rendered judgment in favor of the plaintiff without holding a hearing on the defendant's objections to the fact finder's report. On appeal, this court reversed the court's judgment and remanded the case for a hearing on the defendant's objections to the fact finder's report. See *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, supra, 92 Conn. App. 394. Following a hearing on the defendant's objection to the fact finder's report, the court again rendered judgment in favor of the plaintiff.

. . . is not to examine the record to see if the trier of fact could have reached a contrary conclusion. . . . Rather, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Premier Capital, Inc.* v. *Grossman*, 68 Conn. App. 51, 57, 789 A.2d 565, cert. denied, 260 Conn. 917, 797 A.2d 514 (2002), aff'd after remand, 82 Conn. App. 390, 845 A.2d 442, cert. denied, 271 Conn. 901, 859 A.2d 564 (2004). With the foregoing in mind, we now turn to the defendant's specific claim.

At the heart of this appeal is the defendant's claim that the court improperly found that it had waived the time is of the essence clause in the parties' written contract. On the basis of this determination, the court found that the plaintiff had not breached the contract and, accordingly, awarded damages to the plaintiff for the work it performed pursuant to the contract. The defendant argues that the court's finding that the defendant implicitly waived the time is of the essence provision in the contract was not supported by the evidence at trial and, thus, was clearly erroneous.[8] We are unpersuaded.

---

[8] The defendant also claims that the issue of waiver was not properly before the court because it was not expressly raised by the plaintiff at trial or in the pleadings. Although we agree with the defendant that waiver should be specially pleaded, "[w]here, however, facts are sufficiently set up in a pleading to warrant the inference of waiver, it will be considered though it is not expressly alleged." (Internal quotation marks omitted.) *Jenkins* v.

The record reveals that the plaintiff continued construction work after the original September 13, 2002 deadline on matters that were its contractual responsibility. The defendant's agent testified that "[t]hey were still working on the building sometime—probably by mid-September, but after September 13, they were still working on the building." The record also supports the court's conclusion that the parties modified their original agreement concerning the allocation of work to be performed under the contract. For example, the court found that after the plaintiff had difficulty locating a contractor to complete the stairs in the building, originally the plaintiff's responsibility, the parties agreed that the defendant could use a contractor it had located to complete the stairs. Accordingly, the court found that "[the defendant] went ahead and hired P & M Ceiling & Textures to put in the stairs at a cost of $2200. The defendant maintains that this was after September 13, 2002." Moreover, the record reveals that although the original contract required the plaintiff to install a fire suppression system, the defendant worked with Northeast Fire Prevention, one of the plaintiff's subcontractors, to do this work with the plaintiff's implied consent. Additionally, following an inspection by the town of Manchester on September 11, 2002, in which certain

_Indemnity Ins. Co. of North America,_ 152 Conn. 249, 256, 205 A.2d 780 (1964). In this instance, the complaint contained allegations material to a claim of waiver, and the attorney fact finder, court and counsel treated waiver as a pivotal issue at trial and on appeal. Furthermore, the defendant failed to object to the offer of evidence at trial by the plaintiff on the issue of waiver as it related to the time is of the essence clause. "[T]he proper way to attack a variance between pleadings and proof is by objection at the trial to the admissibility of that evidence which varies from the pleadings, and failure to do so at the trial constitutes a waiver of any objection to such variance." (Internal quotation marks omitted.) _Tedesco_ v. _Stamford,_ 215 Conn. 450, 461, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992). Because the defendant did not object to waiver evidence on the ground that waiver had not been pleaded specifically, any insufficiency in the pleading was waived by the defendant at trial.

work was found to be nonconforming, the parties agreed to remedy the nonconformity with an arrangement calling for the plaintiff to provide the materials and the defendant to provide the labor.

Finally, there was uncontroverted testimony that the defendant did not notify the plaintiff at any time that it was in breach of the contract or that the defendant intended to hold the plaintiff to the September 13, 2002 deadline. There also was no evidence that the defendant asked the plaintiff to cease all work on September 13, 2002. Rather, not until the plaintiff sought payment for the balance due on the contract and the parties disagreed on the credits due the defendant for work it assumed, did the defendant inform the plaintiff that it was not going to pay the balance on the basis of the plaintiff's failure to complete construction by the September 13, 2002 deadline.

"When it is said that time is of the essence, the proper meaning of the phrase is that the performance by one party at the time specified in the contract or within the period specified in the contract is essential in order to enable him to require performance from the other party." (Internal quotation marks omitted.) *Mazzotta v. Bornstein*, 104 Conn. 430, 437, 133 A. 677 (1926). "Its commonly understood meaning is that insofar as a time for performance is specified in the contract, failure to comply with the time requirement will be considered to be a material breach of the agreement. See [id., 437] . . . ." (Citations omitted.) *Retrofit Partners I, L.P. v. Lucas Industries, Inc.*, 201 F.3d 155, 160 (2d Cir. 2000).

Here, it is undisputed that the construction project was not completed by the specified "time is of the essence" date. The defendant argues, accordingly, that the plaintiff's failure to complete construction in a timely manner constituted a material breach and, thus,

excused the defendant from paying the remaining balance due on the contract price. In response, the plaintiff argued at trial, and the court found, that the defendant had implicitly waived the time is of the essence provision in the contract through its conduct. Therefore, the attorney fact finder reasoned, and the court affirmed, that the plaintiff did not materially breach the contract by completing the construction after September 13, 2002. We agree with the plaintiff.

"Waiver involves an intentional relinquishment of a known right." (Internal quotation marks omitted.) *Cassella* v. *Kleffke*, 38 Conn. App. 340, 347, 660 A.2d 378, cert. denied, 235 Conn. 905, 665 A.2d 899 (1995). "Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Citation omitted; internal quotation marks omitted.) *Hensley* v. *Commissioner of Transportation*, 211 Conn. 173, 179, 558 A.2d 971 (1989). Furthermore, whether a waiver has occurred is a factual question for the trier. See *Ridgefield* v. *Eppoliti Realty Co.*, 71 Conn. App. 321, 340, 801 A.2d 902, cert. denied, 261 Conn. 933, 806 A.2d 1070 (2002). "Our review of the trial court's determination [therefore] is guided by the principle that, because waiver [is a question] of fact . . . we will not disturb the trial court's [finding] unless [it is] clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Naftzger* v. *Naftzger & Kuhe, Inc.*, 26 Conn. App. 521, 526, 602 A.2d 606 (1992). Thus, the inquiry in the present case is whether there was evidence from which the court reasonably could have found acts and conduct of the defendant consistent with waiver of the time is of the essence provision. See *Hendsey* v. *Southern New England Telephone Co.*, 128 Conn. 132, 135–36, 20 A.2d 722 (1941).

We agree with the defendant that a finding of waiver, without any evidence to support it, is clearly erroneous. We disagree, however, with the defendant's assertion that there was no evidence in the present case to support the findings of fact that led to the court's conclusion that the defendant implicitly waived the time is of the essence provision.

In this instance, as the defendant correctly asserts, the fact finder heard evidence that the contract expressly imposed the September 13, 2002 deadline for completion of construction, that the contract included a provision that time was of the essence regarding this date and that the plaintiff had not fully performed all of its contractual obligations by September 13, 2002. If the record contained no more, we might agree with the defendant. As the court noted, however, the record also revealed that the plaintiff agreed to allow the defendant to work on the interior before September 13, 2002; the parties agreed that the defendant would hire a subcontractor to finish the stair system, thus undertaking a responsibility originally assigned by the contract to the plaintiff; the defendant worked directly with one of the plaintiff's subcontractors to complete a portion of the plaintiff's work obligation; and the parties worked in tandem with the plaintiff supplying materials and the defendant supplying labor to remedy a nonconformity with the construction that contributed to the delay in completion. Additionally, the court noted that there was uncontroverted testimony that the defendant never notified the plaintiff that because the deadline had passed, it intended not to pay any balance claimed by the plaintiff, and, finally, the defendant took no steps to prevent the plaintiff from completing the project once the original deadline had passed.

Faced with this evidence, the court determined that the attorney fact finder's finding of an implicit waiver

of the time is of the essence provision of the contract was supported by the trial evidence. We agree.

Here, the failure of the defendant to enforce the September 13, 2002 deadline, its conduct in allowing the plaintiff to continue to work toward finalizing construction, and working collectively with the plaintiff to finish the project constitute more than mere acquiescence and support the court's finding that the time is of the essence provision was waived. The record amply supports the court's conclusion that rather than stand by its right to enforce the contract's original contract completion date, the defendant actively participated with the plaintiff in amending the terms of the agreement by reassigning responsibilities for completion of the project, thus working together with the common goal of finishing the work as soon as practicable. We conclude that the court's findings pertaining to waiver of the time is of the essence provision find support in the evidence and, therefore, are not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.