DARTMOOR CONDOMINIUM ASSOCIATION, INC. *v.*
MICHAEL B. GUARCO ET AL.
(AC 29011)

Flynn, C. J., and Bishop and Harper, Js.

Argued October 16—officially released December 16, 2008

*J. Xavier Pryor*, for the appellant (named defendant).

*J. Christopher Kervick*, for the appellee (plaintiff).

*Opinion*

FLYNN, C. J. In this case, we are called on to determine whether a rule of practice requiring a "review of the finding of facts and hearing on any objections" to a fact finder's report requires that the trial court listen

to the arguments of counsel. We conclude that it does. Following the rule of construction that specific provisions prevail over more general provisions, we conclude that a hearing was required even where oral argument was not requested specifically by the objecting party.

The defendant Michael B. Guarco[1] appeals from the judgment of the trial court in favor of the plaintiff, Dartmoor Condominium Association, Inc., rendered in accordance with the report of an attorney fact finder. The defendant claims that (1) the court improperly rendered judgment without holding a hearing on his objection to the fact finder's report, (2) the fact finder improperly relied on evidence not before it and (3) certain findings of the fact finder were clearly erroneous. We agree with the defendant's first claim and determine it to be dispositive of the matter.[2] We, therefore, reverse the judgment of the trial court.

The facts and procedural history necessary to our resolution of this appeal are as follows. In 1998, the defendant and Theodor Perez acquired title to certain property on Mayfield Drive, a private drive in Enfield. The property was subject to the terms and conditions of a private road maintenance agreement. Under the agreement, the defendant and Perez were obligated to pay six eighths of the maintenance costs of Mayfield Drive and its related improvements to the plaintiff, which the agreement designated as the managing party.

On April 19, 2005, the plaintiff filed an amended complaint against the defendant and Perez, alleging breach of the agreement. The plaintiff alleged that the defendant and Perez had failed to make payments required by the agreement since December, 2003. The matter

---

[1] Although Guarco and Theodor Perez were named as defendants, Perez did not appeal. We refer in this opinion to Guarco as the defendant.

[2] Having so determined, we do not reach the defendant's second and third claims.

was referred to an attorney fact finder, who took evidence on February 13, April 30 and May 7, 2007. On May 23, 2007, the fact finder filed with the court his findings of fact in which he recommended judgment in favor of the plaintiff in the amount of $23,362.50 plus court costs.

Pursuant to Practice Book § 23-57, the defendant filed an objection to the findings of fact on June 6, 2007. The objection did not contain a request for oral argument. On June 13, 2007, Perez filed an objection joining in the defendant's objection. Thereafter, without holding a hearing on the objections, the court issued two notices. The first, filed June 21, 2007, stated: "The foregoing objection having been heard by this court, it is hereby ordered: overruled. Judgment may enter in the amount of $23,362.50 plus court costs." The second notice, filed June 27, 2007, stated: "Objections to acceptance of findings of facts dated June 6, 2007, has the following order: overruled, judgment may enter in the amount of $23,362.50 plus court costs." This appeal followed.

Resolution of the defendant's appeal requires interpretation of our rules of practice and, therefore, presents a question of law over which our review is plenary. *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 269, 865 A.2d 488, cert. denied, 273 Conn. 916, 871 A.2d 372 (2005). In interpreting our rules of practice, we are guided by the principles governing statutory interpretation. *Pitchell* v. *Hartford*, 247 Conn. 422, 432, 722 A.2d 797 (1999) ("[t]he rules of statutory construction apply with equal force to Practice Book rules"). Our fundamental objective in interpreting a rule of practice is to ascertain and give effect to the intent of the drafters. *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 667, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004). "In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language

as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 7, 882 A.2d 597 (2005).

The defendant argues that, pursuant to Practice Book § 23-58 (a), and this court's holding in *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, 92 Conn. App. 394, 885 A.2d 204 (2005), aff'd after remand, 102 Conn. App. 231, 926 A.2d 1 (2007), the court was required to hold a hearing on his objection to the fact finder's report. Practice Book § 23-58 (a) provides that "[a]*fter review of the finding of facts and hearing on any objections thereto,* the judicial authority may take the following action: (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate." (Emphasis added.)

In *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC,* supra, 92 Conn. App. 396, the

court rendered judgment in accordance with the attorney fact finder's report without holding a hearing, despite the defendant's having objected and having requested argument. In reversing the judgment, we held that "[Practice Book § 23-58 (a)] gives the reviewing court a number of discretionary options for disposition of a referred matter following the filing of a fact finder's report, including the rendering of judgment in accordance with the finding of facts. Practice Book § 23-58 (a) (1). Nevertheless, the plain language of the rule indicates that if any objections to the report have been raised, the court, before deciding on one of the available courses of action, must take the mandatory prerequisite step of holding a hearing on the objections. Compare *Gordon Hoyt Associates, Inc.* v. *Statewide Ins. Corp.*, 7 Conn. App. 115, 117, 507 A.2d 528 (1986) ('[a]*bsent such a timely objection*, the court is warranted in rendering judgment on the finding of facts' . . .). Because the court here declined to do so, its ultimate judgment was rendered improperly." (Emphasis in original.) *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, supra, 398–99. In the present case, we agree with the defendant's claim that Practice Book § 23-58 and the holding of *Banks Building Co., LLC*, required the court to hold a hearing on his objection to the findings of fact.

The plaintiff's arguments in opposition may be summarized as follows. The plaintiff first maintains that although § 23-58 (a) requires the court to hear any objections prior to accepting the fact finder's report, there is no requirement that the court hear oral argument on the objections. Because the court's initial notice stated that the defendant's objection had "been heard," the plaintiff contends that the court fulfilled the requirements of § 23-58 (a). The plaintiff further argues that *Banks Building Co., LLC*, is distinguishable from the present case because here, the defendant did not

request a hearing. Under Practice Book § 11-18 (a), oral argument is at the discretion of the court, except in matters where argument is a matter of right. Practice Book § 11-18 (a) provides in relevant part: "Oral argument is at the discretion of the judicial authority except as to motions to dismiss, motions to strike, motions for summary judgment, motions for judgment of foreclosure, and motions for judgment on the report of an attorney trial referee and/or hearing on any objections thereto. For those motions, oral argument shall be a matter of right, provided: (1) the motion has been marked ready for adjudication in accordance with the procedure indicated in the notice that accompanies the short calendar on which the motion appears, and (2) the movant indicates at the bottom of the first page of the motion or on a reclaim slip that oral argument or testimony is desired . . . ." The plaintiff points out that a hearing on an objection to a fact finder's report is not listed in Practice Book § 11-18 (a) as a matter where oral argument is as of right. It further argues that, even if the defendant were entitled to argument, he failed to request it as required by § 11-18 (a) (2). We are not persuaded by these arguments, which we address in turn.

First, regardless of the language employed in the court's notice, the defendant's objection was not given a sufficient hearing for the purposes of Practice Book § 23-58 (a). In *Banks Building Co., LLC*, the court's memorandum of decision made it clear that the court had reviewed the defendant's objection prior to its ruling. *Banks Building Co., LLC v. Malanga Family Real Estate Holding, LLC*, supra, 92 Conn. App. 396–97. Despite this review, we held that the hearing requirement of § 23-58 (a) had not been satisfied. Id., 399. Under the plaintiff's reasoning here, the court in *Banks Building Co., LLC*, "heard" the defendant's objections. Although the present appeal does not require us to

delineate exhaustively the contours of a "hearing" for the purposes of § 23-58 (a), it is clear that under *Banks Building Co., LLC,* in camera review of a party's objection is not sufficient.

The plaintiff's second argument is essentially that, notwithstanding Practice Book § 23-58 (a), the factual scenario in this case is governed by Practice Book § 11-18. The rules of practice concerning attorney fact finding are contained in Practice Book §§ 23-52 through 23-59.[3] These sections, and § 23-58 in particular, make no reference to § 11-18 or its requirements with regard to oral argument in civil matters. "It is a well-settled principle of [statutory] construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." (Internal quotation marks omitted.) *State v. State Employees' Review Board,* 239 Conn. 638, 653, 687 A.2d 134 (1997). In these circumstances, the specific terms of Practice Book § 23-58 (a), requiring the court to hold a "hearing on any objections" to the findings of fact, prevail over the general language of § 11-18, which would otherwise control in this civil matter. Further, we find significant the fact that hearings on objections to *attorney fact finder* reports are not included in the enumerated motions and hearings of § 11-18 (a) where argument is a matter of right but must be claimed for oral argument. In contrast, the drafters of our rules included hearings on objections to the reports of *attorney trial referees* under

---

[3] The provisions of § 23-58 stand alone in their requirement for a hearing on objections to a fact finder's report. Practice Book § 11-18 (a) lists five other categories of motions in which argument may be had as of right but does not mention objections under § 23-58. A party seeking to enforce such a § 11-18 right nonetheless must claim it for oral argument or the matter will be decided on the papers. Some modification of the existing rule of § 11-18 would be salutary because the existing scheme may not sufficiently alert the busy trial judge to § 23-58's stand-alone mandatory hearing requirement.

§ 11-18 (a).[4] As drafted, § 23-58 is a stand-alone provision with no indication that it is to be read in conjunction with, nor subject to, the provisions of § 11-18 (a).

In *Banks Building Co., LLC,* we indirectly emphasized the specificity of § 23-58 in holding that the "plain language of the rule indicates that if any objections to the report have been raised, the court, before deciding on one of the available courses of action, must take the mandatory prerequisite step of holding a hearing on the objections." *Banks Building Co., LLC,* v. *Malanga Family Real Estate Holding, LLC,* supra, 92 Conn. App. 398–99. The plain language of § 23-58 (a) does not contain a requirement that a party objecting to a fact finder's report make a request for a hearing. Although the defendant in *Banks Building Co., LLC,* had requested oral argument, this fact was not crucial to our holding. Similarly here, the fact that the defendant did not request a hearing on his objection should not have precluded him from such a hearing pursuant to § 23-58 (a).

Under the plain language of Practice Book § 23-58 (a) and our holding in *Banks Building Co., LLC,* a trial court, upon receiving an objection to an attorney fact finder's report must hold a hearing prior to taking further action. Because the court did not hold such a hearing in the present case, its judgment overruling the defendant's objection and accepting the findings of fact was improper.

The judgment is reversed and the case is remanded for a hearing on the defendant's objection, after which the court may take further action in accordance with Practice Book § 23-58.

In this opinion the other judges concurred.

---

[4] Our rules of practice treat trial court review of the reports of attorney trial referees differently from review of fact finder's reports. See W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Civil Rules (2008) § 23-57, authors' comments, p. 984.