## DOUGLAS SNOWDON ET AL. *v.* VINCENT GRILLO
## (AC 29213)

Lavine, Robinson and Lavery, Js.

Argued January 22—officially released May 5, 2009

*J. Xavier Pryor*, for the appellant (defendant).

*Bruce D. Tyler*, for the appellees (plaintiffs).

*Opinion*

LAVINE, J. The defendant, Vincent Grillo, appeals from the judgment of the trial court, *Sferrazza, J.*, denying his motion to open the judgment rendered against him pursuant to a hearing in damages. On appeal, the defendant claims that the trial court, *Hon. Lawrence C. Klaczak*, judge trial referee, abused its discretion by failing to grant his motion to set aside the default entered for failure to plead. We affirm the judgment of the trial court.

Our review of the record discloses the following facts. The plaintiffs, Douglas Snowdon and Donna Snowdon, commenced a breach of contract action with a return date of June 13, 2006. The plaintiffs alleged that in June, 2005, they made a down payment of $11,600 to the defendant for the installation of a fence. The defendant

allegedly failed to perform as agreed. On July 7, 2006, the plaintiffs filed a motion for default for failure to file a responsive pleading, which was denied by the court clerk. On July 13, 2006, the defendant filed a request to revise the complaint that Judge Klaczak denied on August 21, 2006. On October 18, 2006, the defendant filed a motion to strike the complaint, which Judge Sferrazza denied. On February 8, 2007, the plaintiffs filed a motion for default for failure to plead pursuant to Practice Book § 17-31, which was granted by the clerk on February 9, 2007. The plaintiffs claimed the case to the hearing in damages list on March 26, 2007, and the hearing in damages was scheduled for June 6, 2007. On the day of the hearing in damages, the defendant filed in court a motion to set aside the default along with a proposed answer, special defense and counterclaim. Judge Klaczak denied the motion to set aside, heard evidence and rendered judgment in favor of the plaintiffs in the amount of $11,600 plus costs.

On June 21, 2007, the defendant filed a motion to open the judgment in which he claimed that Judge Klaczak improperly relied on Practice Book § 17-42 and found that the defendant had not shown good cause to open the default. The defendant claimed that Practice Book § 17-32 was the rule of practice that applied to his motion to set aside. Judge Sferrazza denied the motion to open the judgment, writing on the order page that "even if Practice Book § 17-32 (b) is applicable, Judge Klaczak had discretion not to set aside the default. See *Tolland Bank* v. *Larson*, 28 Conn. App. 332, 610 A.2d 720 (1992)."[1] On August 30, 2007, the defendant filed a

[1] Practice Book § 17-32 was previously codified as section 363A of the rules of practice. Since the mid-1980s, that section has been revised a number of times. At the time *Tolland Bank* v. *Larson*, supra, 28 Conn. App. 332, was decided, Practice Book § 363A provided: "Where a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.

"If a party who has been defaulted under this section files an answer

motion for reconsideration. In addressing the motion for reconsideration, Judge Sferrazza articulated his decision to deny the motion to open the judgment in a memorandum filed August 31, 2007.

In his articulation, Judge Sferrazza stated that in opposing the motion to open the judgment, the plaintiffs pointed out that "the defendant had failed to attach a copy of the transcript of the June 6, 2007 hearing before Judge Klaczak so that this court has no indication as to which Practice Book provision Judge Klaczak employed. Also, even under Practice Book § 17-32, the court had discretion to deny the motion to set aside the default." Judge Sferrazza agreed with the plaintiffs that under Practice Book § 17-32 (b), Judge Klaczak had discretion to deny the motion to set aside the default. Judge Sferrazza reasoned, on the basis of the text of Practice Book § 17-32 (b), that if "a defaulted defendant files an answer before judgment has entered, 'the clerk shall set aside the default. . . .' However, that subsection also indicates that '[i]f a claim for a hearing in damages' is filed before the answer, as in the present case, only the court may set aside the default. This proviso implies that the setting aside of the default is more than perfunctory and requires the exercise of judicial discretion. Under Practice Book § 17-32 (b), the court has discretion to deny a motion to set aside a default and proceed to judgment."

Judge Sferrazza continued, stating that "the defendant moved to set aside the default nearly four months after the default entered and on the day the hearing in damages was to begin. The plaintiffs were prepared to

before judgment after default has been rendered by the court, the clerk shall set aside the default." (Internal quotation marks omitted.) *Tolland Bank* v. *Larson*, supra, 28 Conn. App. 334 n.2.

At the time, this court noted in *Tolland Bank* that "the proposed amendment to Practice Book § 363A provides: 'If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court.' " *Tolland Bank* v. *Larson*, supra, 28 Conn. App. 334 n.3; compare Practice Book § 17-32.

present their evidence. The defendant's motion to set aside explained that the failure to plead in a more timely fashion was the result of the defendant counsel's busy schedule. This court does not find that Judge Klaczak acted outside his authority in denying the motion to set aside the default and regards his decision as the law of the case as to this issue." The defendant appealed.

On appeal, the defendant claims that Judge Klaczak improperly denied his motion to set aside the default by applying the good cause standard of Practice Book § 17-42, denying him due process of law, and by relying on *Tolland Bank* v. *Larson,* supra, 28 Conn. App. 332.[2] He also claims that the court abused its discretion in denying his motion to set aside the default because it reasonably could not have concluded that he was required to show good cause or that the facts of this case fell within the standard articulated in *Tolland Bank.* We reject each of the defendant's claims and arguments.

To determine whether the court abused its discretion by denying the defendant's motion to set aside the default, we must identify the applicable rule of practice and determine whether the court properly applied the appropriate standard. We conclude, given the procedural history of this case, about which there is no dispute, that both Practice Book §§ 17-32 and 17-42 are relevant but that Practice Book § 17-42 controls the motion to set aside the default because the clerk had entered a default for failure to plead and the case had been claimed for a hearing in damages prior to the defendant's filing a motion to set aside the default.

The construction of our rules of practice is a question of law to which the plenary standard of review applies.

_____

[2] The transcript of the argument on the defendant's motion to set aside the default makes no mention of *Tolland Bank* v. *Larson,* supra, 28 Conn. App. 332. Judge Sferrazza referred to that case in denying the defendant's motion to open the judgment.

*Dartmoor Condominium Assn., Inc.* v. *Guarco*, 111 Conn. App. 566, 569, 960 A.2d 1076 (2008). "In interpreting our rules of practice, we are guided by the principles governing statutory interpretation. . . . Our fundamental objective in interpreting a rule of practice is to ascertain and give effect to the intent of the drafters. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and *its relationship to other statutes*." (Citations omitted; emphasis added; internal quotation marks omitted.) *Dartmoor Condominium Assn., Inc.* v. *Guarco*, supra, 569–70. "[S]tatutes should be construed, where possible, so as to create a rational, coherent and consistent body of law. See, e.g., *Doe* v. *Doe*, 244 Conn. 403, 428, 710 A.2d 1297 (1998) (we read related statutes to form a consistent, rational whole, rather than to create irrational distinctions); *In re Valerie D.*, 223 Conn. 492, 524, 613 A.2d 748 (1992) ([s]tatutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law)." (Internal quotation marks omitted.) *Waterbury* v. *Washington*, 260 Conn. 506, 557, 800 A.2d 1102 (2002).

Although the title of a statute provides some evidence of its meaning, the title is not determinative of its meaning. *Burke* v. *Fleet National Bank*, 252 Conn. 1, 13, 742 A.2d 293 (1999); *Connecticut Light & Power Co.* v. *Overlook Park Health Care, Inc.*, 25 Conn. App. 177, 179, 593 A.2d 505 (1991). Our Supreme Court has stated that boldface catchlines in the titles of statutes, "are intended to be informal brief descriptions of the contents of the [statutory] sections. . . . These boldface

descriptions should not be read or considered as statements of legislative intent since their sole purpose is to provide users with a brief description of the contents of the sections." *Clark* v. *Commissioner of Correction,* 281 Conn. 380, 389 n.14, 917 A.2d 1 (2007), quoting Preface to the General Statutes, p. vii.

Moreover, "[t]he design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Rules of practice must be construed reasonably and with consideration of this purpose. . . . Rules are a means to justice, and not an end in themselves; their purpose is to provide for a just determination of every proceeding." (Citations omitted; internal quotation marks omitted.) *Tolland Bank* v. *Larson,* supra, 28 Conn. App. 334–35. We now turn to the rules of practice in question.

Practice Book § 17-32, entitled "Where Defendant is in Default for Failure to Plead," provides, in relevant part: "(b) If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. *If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority.* A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection." (Emphasis added.) Practice Book § 17-42, entitled "Opening Defaults where Judgment Has Not Been Rendered," provides: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. As part of its order the judicial authority may extend the time for filing pleadings or disclosure in favor of a party who has not

been negligent. Certain defaults may be set aside by the clerk pursuant to Sections 17-20 and 17-32."

The language of these two rules of practice is clear and interrelated. They provide different remedies to a defaulting defendant. When a default for failure to plead has been entered, there are two paths. Under Practice Book § 17-32, a defaulting party may file a motion to set aside the default within fifteen days, or anytime prior to the filing of a claim for a hearing in damages, and the clerk may set aside the default. If the defaulting party fails to file a motion to set aside before a claim to a hearing in damages is filed and thereafter files a motion to set aside, only the judicial authority may set aside the default. The opening of a default when a claim for a hearing in damages has been filed is controlled by Practice Book § 17-42 because that is the rule of practice that addresses the setting aside of a default by the judicial authority. Significantly, Practice Book § 17-42 refers to Practice Book § 17-32, noting that certain defaults may be set aside by the clerk. The distinction between whether Practice Book § 17-32 applies or Practice Book § 17-42 applies is whether a claim for a hearing in damages is filed before, or after, a motion to set aside the default is filed. Here, the defendant waited more than four months after the default had been entered and appeared in court on the morning of the hearing in damages, when witnesses were present to testify, to seek to have the default set aside. Clearly, only the judicial authority could have set aside the default as provided by Practice Book § 17-42.

The defendant also argues that the court abused its discretion in denying his motion to set aside the default and should not have required him to satisfy a good cause standard or the standard articulated in *Tolland Bank* v. *Larson*, supra, 28 Conn. App. 332.[3] The following facts are relevant to this aspect of the defendant's

[3] As previously noted, the language of the relevant sections of the rules of practice at issue in *Tolland Bank* v. *Larson*, supra, 28 Conn. App. 332,

claim. On the morning of the hearing in damages, counsel for the defendant argued as follows in support of the motion to set aside the default: "Pursuant to Practice Book § 17-42, the court may set aside a default at any time for good cause.[4] In this matter, default was entered for failure to file an answer. The answer has been filed, now, which I think provides good cause for this to proceed in its normal course." Judge Klaczak responded, "[n]o, it's more than that. You can't just . . . after a default has been entered, you can't simply file a responsive pleading and then say, oh, it's filed now . . . . But what I haven't heard is why the default was entered in the first place. What happened? . . . Why weren't the pleadings filed that were necessary after the motion to strike, or whatever motions were filed were denied? . . . Simple negligence is not going to be sufficient."

This court routinely has held that it will not afford review of claims of error when they have been induced. "[T]he term induced error, or invited error, has been defined as [a]n error that a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the trial court to make the erroneous ruling. . . . It is well established that a party who induces an error cannot be heard to later complain about that error. . . . This principle bars appellate review of induced nonconstitutional and induced constitutional error. . . . The invited error doctrine rests on the principles of fairness, both to the trial court and to the opposing party." (Citation omitted; internal quotation marks omitted.) *State* v. *Rios*, 110 Conn. App. 442, 448 n.6, 954 A.2d 901 (2008). Because the defendant

has changed, and we conclude that the analysis contained therein is inapplicable to this appeal. See footnote 1.

[4] In response to the defendant's argument, counsel for the plaintiffs also made reference to Practice Book § 17-42, stating, "[i]n that section, it mentions that it's for good cause."

argued to the court that Practice Book § 17-42 and the good cause standard applied to his motion to set aside the default, we decline to review his claim that the court improperly used the good cause standard to rule on the motion to set aside. We, however, will address the defendant's claim that the court misapplied the good cause standard to the facts of this case.

At the time the defendant's counsel argued in support of the motion to set aside, he represented that the defendant diligently had been defending the action by filing a request to revise and a motion to strike. He claimed that there was a bona fide defense to the plaintiffs' claims and that the case should revert to the pleading stage so that discovery could be conducted. On the day prior to the hearing in damages, defense counsel informed counsel for the plaintiffs that a motion to set aside and a responsive pleading would be filed. Counsel for the plaintiffs argued that the defendant had failed to show good cause for the failure to file an answer. The plaintiffs' counsel also argued that the plaintiffs had been prejudiced because they had been without their money for a couple of years and made arrangements to appear in court for the hearing in damages. The plaintiffs' counsel contended that the delay occasioned by the defendant was a dilatory tactic and strenuously objected to the setting aside of the default and returning the proceedings to the pleading stage.

In response to Judge Klaczak's noting that negligence is not a ground for opening a default, the defendant's counsel stated that the attorney in his law firm responsible for the case had had a "rather substantial trial schedule since the beginning of this year. And I believe there are cases which excuse a party from performing in one case when it has a trial scheduled in another matter in another Superior Court." The court found that this was not a case in which trial counsel had conflicting trial schedules. The defendant's counsel pressed that the

default should be set aside because no judgment had been entered. The court denied the motion to set aside the default, stating: "I understand there's no judgment. We're here on a hearing in damages because there was no judgment entered. . . . [Y]ou simply don't open it because no judgment has been entered. There's got to be some sufficient reason, some reason for opening it. And mere negligence is not a sufficient reason. The fact that you have a busy office is not sufficient reason."

"[T]he determination of whether to set aside [a] default is within the discretion of the trial court . . . and will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as [t]he seriousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Citations omitted; internal quotation marks omitted.) *Higgins* v. *Karp*, 243 Conn. 495, 508, 706 A.2d 1 (1998). "[F]ederal courts have established criteria to assess whether a party should be relieved from a default. A widely accepted factor in this determination is whether setting aside the default would prejudice the adversary." (Citations omitted; internal quotation marks omitted.) Id., 509; see also Fed. R. Civ. P. 55 (c).

On the basis of our review of the record, we conclude that the court did not abuse its discretion by denying the defendant's motion to set aside the default. The hearing in damages was held almost one year after the return date and four months after the motion for default for failure to plead was granted by the clerk.[5] The only

---

[5] The defendant does not claim that he failed to receive notice of the default.

reason for failing to plead offered by the defendant's counsel was that the press of other clients' business took precedence over the defendant's case due to a heavy trial schedule. We agree with the court that the defendant's explanation for failing to plead did not rise to the level of good cause. See *Rowe* v. *Goulet*, 89 Conn. App. 836, 844, 875 A.2d 564 (2005).

We also conclude that setting aside the default would have disadvantaged the plaintiffs, who had made time to appear in court for the hearing in damages for which their counsel had prepared. In reaching this conclusion, we do not hold that a motion to set aside a default should never be granted when counsel has failed timely to file a pleading. The defendant's problem in this case, however, is that by failing to file the motion to set aside as soon after he received notice of the default, the problem was compounded. This court and the trial courts are sympathetic to the demands a heavy trial schedule places on counsel and are aware that conflicts are common, and certainly, the trial court must be reasonably flexible in responding to arguments put forth by counsel in cases such as this. Our rules of practice provide relatively quick and unburdensome means to deal with such schedule conflicts, most notably motions for extension of time or a continuance. Those motions, however, must be filed timely so that nondefaulting parties are not inconvenienced needlessly or exposed to the unnecessary expenses occasioned by appearing in court only to have a proceeding continued. In this case, the defendant failed to inform the plaintiffs or the court of his desire to have the default set aside until the time of the hearing in damages.

The judgment is affirmed.

In this opinion the other judges concurred.