CHRISTOPHER C. NOBLE *v.* CARL E. WHITE ET AL.
(AC 22887)

Lavery, C. J., and Foti and McLachlan, Js.

Argued March 31—officially released September 28, 2004

*Robert P. Hanahan,* for the appellants (defendants).

*Christopher C. Noble,* pro se, the appellee (plaintiff).

*Opinion*

McLACHLAN, J. In this breach of contract action to collect attorney's fees for services rendered in connection with creditors' claims, the defendants, Carl E. White and Kathryn White, appeal from the judgment of the trial court awarding the plaintiff, Christopher C.

Noble, their former attorney, $10,665.25 in damages.[1] The defendants claim that the court lacked jurisdiction to award attorney's fees because under the circumstances of this case, the power to award such fees rested solely with the Bankruptcy Court. We affirm the judgment of the trial court.

This action commenced in November, 1997, when the plaintiff brought a breach of contract action to collect attorney's fees for legal services he performed for the defendants between July, 1992 and October, 1997, in connection with two separate bankruptcy filings in United States Bankruptcy Court for the District of Connecticut and other creditors' rights issues. The plaintiff sought to enforce the provisions of an installment payment agreement he entered into with the defendants that recited an array of legal services performed and provided for monthly installment payments of $350, with provisions for acceleration, attorney's fees and interest if any installment payment was more than five days delinquent. The plaintiff alleged that the defendants made only irregular payments before defaulting on the November, 1997 payment. The plaintiff claimed a balance due of $10,789.

As a special defense, the defendants alleged that the payment agreement was void and unenforceable because of the circumstances under which it was presented to and signed by them. The defendants argued that the agreement was presented to them by the plaintiff on the day of a hearing on a renewed motion to open foreclosure proceedings at which the plaintiff stated that unless they signed the agreement immediately, he would not represent them and they would lose their home. The trial court agreed that the payment agreement was unenforceable, finding that "[w]hen an

---

[1] The court also awarded pretrial interest of $4578.75 and attorney's fees in the amount of $2286.60.

attorney prepares a document for his benefit, presents it to his clients for the first time in a courthouse, where a motion to reopen foreclosure of their home has been scheduled, and threatens to withdraw his services if the document is not signed immediately, thereby holding over their heads the loss of their home, this amounts to duress." See *Noble* v. *White*, 66 Conn. App. 54, 56, 783 A.2d 1145 (2001). Although the court denied recovery on the agreement, it granted relief in the amount of $6000 based on quantum meruit, in view of the significant and undisputed legal services performed by the plaintiff, including filing two chapter 13 petitions in Bankruptcy Court, the latter of which was eventually converted to a chapter 7 proceeding, helping the defendants retain their home by arranging a refinancing and helping them to discharge a substantial portion of their debt. That ruling gave rise to the plaintiff's first appeal in which he claimed that the court's conclusion of duress was based on a clearly erroneous factual finding.

We agreed with the plaintiff and found that the court's determination of duress was based on the court's erroneous factual finding that the agreement was first presented to the defendants on the day of the hearing on the motion to open the foreclosure proceedings.[2] We found, to the contrary, that the record clearly showed that the agreement had been presented to the defendants six days earlier. Id., 60–61. As that factual finding was the principal basis for the court's determination of duress, we reversed the judgment in part and remanded the case for a new trial. Id., 61.

On remand, the trial court determined that the defendants failed to prove that they had signed the agreement

---

[2] Although the defendants' special defense alleged undue influence, the court predicated its conclusion on a finding of duress. We determined that although the undue influence and duress doctrines are separate and distinct, they often are treated and discussed together and, therefore, the trial court's treatment of the undue influence special defense as one of duress was not improper. *Noble* v. *White*, supra, 66 Conn. App. 58–59.

under duress and that the agreement, therefore, must be enforced. The court found that the defendants had breached the terms of the agreement and awarded the plaintiff $10,665.25, plus interest and attorney's fees. From that judgment, the defendants now appeal.

The defendants claimed, for the first time on remand, that the trial court lacked subject matter jurisdiction to award attorney's fees because under the circumstances of this case, the Bankruptcy Court had exclusive jurisdiction to award attorney's fees. We disagree.

"A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 313, 828 A.2d 549 (2003).

The defendants appear to predicate their claim that the trial court lacked jurisdiction on the contention that the plaintiff failed to disclose the payment agreement to the Bankruptcy Court, in apparent violation of 11 U.S.C. § 329. The disclosure requirement of 11 U.S.C. § 329 requires the debtor's attorney to file with the Bankruptcy Court a statement of the compensation paid or agreed to be paid to the attorney for services in contemplation of and in connection with the bankruptcy case. 11 U.S.C. § 329 (a). If the Bankruptcy Court determines that the claimed attorney's fees are unreasonable or excessive, the court is permitted to deny compensation to the attorney, cancel the agreement to pay compensation or order the return of compensation paid. 11 U.S.C. § 329 (b). The reasoning underlying the disclosure requirement is that payments to a debtor's attorney provide serious potential for both evasion of creditor protection provisions of the bankruptcy laws

and overreaching by the debtor's attorney. Such payments should therefore be subject to careful scrutiny. See, e.g., *In re Whitman*, 51 B.R. 502, 506 (Bankr. D. Mass. 1985). The authority of the Bankruptcy Court to review compensation paid to an attorney has been described as one within the traditional equity power of the court and essential to prevent overreaching by debtor's attorneys and to protect creditors. See *In re St. Pierre*, 4 B.R. 184, 185 (Bankr. D.R.I. 1980). Under § 329, therefore, counsel is entitled to be paid for services only to the extent that the Bankruptcy Court determines the fees are reasonable.

Although the defendants correctly assert that the Bankruptcy Court has exclusive jurisdiction over fees rendered in connection with the administration of a bankrupt estate, they have not created a record on which it can be determined that the fees awarded by the trial court were for such services. In fact, it appears to the contrary. The trial court found that for the first chapter 11 proceeding, the plaintiff billed $8907.75 for which the Bankruptcy Court allowed fees of $2600, which the plaintiff accepted. In connection with the second chapter 13 proceeding, the plaintiff submitted a bill for $11,633.38, for which the Bankruptcy Court awarded him $5000, which "he eventually accepted." The trial court expressly found that besides the fees for the chapter 13 proceedings and the chapter 7 proceedings, the plaintiff represented the defendants in connection with a mortgage foreclosure and refinancing and other matters.

With respect to the various services that the plaintiff rendered in connection with terminating the foreclosure action, which secured to the defendants their home and their motor vehicle, there is nothing in the record that demonstrates that the fees that were awarded to the plaintiff by the trial court were duplicative of those fees that were awarded by the Bankruptcy Court or

incurred in connection with any bankruptcy proceeding. The law is clear that the Bankruptcy Court does not have jurisdiction for fees paid from nonbankrupt estate assets that are not related to the bankruptcy proceeding itself. See, e.g., *Roland* v. *UNUM Life Ins. Co.*, 223 B.R. 499, 503 (E.D. Va. 1998).

In this matter, the Bankruptcy Court itself held that the state court "will decide the matter." *In re White*, 93-22257 (Bankr. D. Conn., February 7, 2002). Furthermore, our Supreme Court has recognized that the jurisdictional limits of the Bankruptcy Code do not extend to private actions against debtors outside of the code and that the trial court is free to award counsel fees in such cases. *Mechanics Savings Bank* v. *Tucker*, 178 Conn. 640, 648, 425 A.2d 124 (1979). Here, the defendants' brief consists of a mere two pages of "analysis" and argument. It is deficient both in its explanation of the defendants' claim and the depth of the analysis. We cannot discern from the record that the trial court awarded fees to the plaintiff for any services that were rendered that properly could be determined only by the Bankruptcy Court in accordance with the provisions of 11 U.S.C. § 329.

"It is well established that [i]t is the responsibility of the appellant to provide an adequate record for review as provided in [Practice Book §] 61-10. . . . Conclusions of the trial court cannot be reviewed where the appellant fails to establish through an adequate record that the trial court incorrectly applied the law or could not reasonably have concluded as it did . . . . *Bradley* v. *Randall*, 63 Conn. App. 92, 95–96, 772 A.2d 722 (2001)." (Internal quotation marks omitted.) *Calo-Turner* v. *Turner*, 83 Conn. App. 53, 56, 847 A.2d 1085 (2004).

Because the defendants have not provided a record from which we can determine the accuracy of their

contention, any decision made by us respecting their claims would be entirely speculative. See *Gladstone, Schwartz, Baroff & Blum* v. *Hovhannissian*, 53 Conn. App. 122, 127, 728 A.2d 1140 (1999).

The judgment is affirmed.

In this opinion the other judges concurred.