## CHARLES GREY ET AL. *v.* CONNECTICUT INDEMNITY SERVICES, INC., ET AL.
### (AC 29319)

DiPentima, McLachlan and Berdon, Js.

Argued November 17, 2008—officially released March 3, 2009

*Joseph F. Merly*, with whom, on the brief, was *John R. Williams*, for the appellant (defendant Roberta Spinnato).

*William P. O'Brien*, for the appellees (plaintiffs).

*Opinion*

BERDON, J. The defendant Roberta Spinnato,[1] who does business as Statewide Renovations, appeals from the judgment of the trial court in favor of the plaintiffs, Charles Grey and Margaret Grey, on their claim for breach of contract. On appeal, the defendant claims that the court improperly concluded that she had waived her contractual right to arbitration and that the plaintiffs had not waived their contractual claim for attorney's fees. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The plaintiffs' house was damaged by fire. Initially, they entered into a written contract with the defendant for the repair of their house, and subsequently they amended the contract to provide for the construction of an addition. The contract was a form agreement prepared by the defendant, which provided for arbitration in the event of a dispute between the plaintiffs and the defendant and an award of attorney's fees to the prevailing party in the event of arbitration or litigation. Neither the original contract nor the addendum, however, provided specifications for the work that was to be completed.

In February, 2001, the defendant commenced work on the plaintiffs' house. By June, 2001, however, the defendant stopped working on the house. On July 12, 2001, the plaintiffs wrote to the defendant, informing her that "because they had not received a budget detailing the scope of the project and the cost, had not received [specifications], [the defendant] had ceased work on the project, the house was exposed to the

---

[1] The original complaint also named as defendants Connecticut Indemnity Services, Inc., Neil Ranciato, Joseph Celotto and Peter Ranciato. These defendants are not parties to this appeal. All references to the defendant are to Roberta Spinnato.

elements, [and the defendant] could not meet the completion date provided for in the contract, they were terminating the relationship." Thereafter, the plaintiffs retained a general contractor to complete the project and commenced this action against the defendant, alleging breach of contract and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In their prayer for relief, the plaintiffs claimed compensatory damages, punitive damages, damages under CUTPA, costs of litigation, attorney's fees and such other relief as the court deemed equitable.

The trial date was scheduled for May 10, 2006. On the afternoon of May 9, 2006, after almost three years of extensive pretrial litigation, the defendant moved to compel arbitration pursuant to the contractual arbitration provision. The court denied the defendant's motion, finding that she had waived her right to arbitration, and the case proceeded to trial. The court initially rendered its decision, awarding the plaintiffs approximately $81,000 on their claim for breach of contract. The court, however, declined to award the plaintiffs any punitive damages or attorney's fees under CUTPA. Thereafter, both parties moved for reconsideration. The plaintiffs argued that the court failed to address the issue of attorney's fees under the contract. The defendant argued that the court improperly refused to grant her motion to compel arbitration and that the plaintiffs had waived their claim for attorney's fees under the contract. After reconsideration, the court found that the plaintiffs had not waived their claim for attorney's fees under the contract, and, therefore, they were entitled to recover their attorney's fees in the amount of $41,038.30. The court also reaffirmed its finding that the defendant had waived her right to arbitration. This appeal by the defendant followed.

We begin with our standard of review of a trial court's finding of waiver. Whether a waiver has occurred is a

question of fact. *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC,* 102 Conn. App. 231, 239, 926 A.2d 1 (2007). "Our review of the trial court's determination [therefore] is guided by the principle that, because waiver [is a question] of fact . . . we will not disturb the trial court's [finding] unless [it is] clearly erroneous." (Internal quotation marks omitted.) Id. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Noble* v. *White,* 66 Conn. App. 54, 60, 783 A.2d 1145 (2001), on appeal after remand, 85 Conn. App. 233, 857 A.2d 362 (2004).

I

The defendant claims that the court improperly found that she had waived her right to arbitration. "It is well established that an arbitration clause may be waived by the parties or by the one entitled to its benefit." (Internal quotation marks omitted.) *Stevens* v. *Hartford Accident & Indemnity Co.,* 39 Conn. App. 429, 436, 664 A.2d 826 (1995). "The essential question is whether, under the totality of the circumstances, the . . . [party claiming arbitration] has acted inconsistently with the arbitration right." Id. On appeal, our inquiry is whether the record contains evidence from which the court reasonably could have found that the defendant acted inconsistently with her right to arbitration. See *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC,* supra, 102 Conn. App. 239.

The plaintiffs filed their complaint in July, 2003. The defendant filed several motions before answering the plaintiffs' complaint. Thereafter, the parties conducted written discovery, sought depositions, conducted court annexed mediation and engaged in trial management

conferences. During this time, the defendant sought numerous continuances. On the eve of trial, the defendant moved to compel arbitration after almost three years of litigation. The court found, after oral argument, that the defendant had waived her right to arbitration. We conclude that the court reasonably could have found that the defendant acted inconsistently with her contractual right to arbitration and waived that right.

## II

The defendant next claims that the court improperly found that the plaintiffs had not waived their claim for attorney's fees under the contract. The defendant argues that the plaintiffs waived their claim for attorney's fees under the contract because they did not claim them until after the court had denied their claim for attorney's fees under CUTPA. The defendant also argues that the plaintiffs' posttrial brief, which stated that the "plaintiffs are entitled to recoup all of their attorney's fees since they are recoverable for a violation of CUTPA," is evidence that the plaintiffs did not seek attorney's fees under the contract until after the court rendered its original decision.

In its memorandum of decision on the parties' motions for reconsideration, the court stated that the reason why attorney's fees initially were not awarded was that the court interpreted the plaintiffs' posttrial brief as asserting CUTPA as the only basis for awarding attorney's fees. Upon reconsideration, however, the court found that the "plaintiffs clearly proved their right to counsel fees pursuant to the contract." Our review of the record supports the court's finding. The plaintiffs' complaint included a separate prayer for relief seeking attorney's fees. The claim for attorney's fees was no more associated with the CUTPA claim than it was with the breach of contract claim. Further, the plaintiffs' counsel stated at trial that the plaintiffs' damages

included attorney's fees. At that time, the court specifically asked the plaintiffs' counsel whether the contract provided for attorney's fees, to which he replied, "I believe so, Your Honor." The court awarded attorney's fees in the amount of $41,038.30.[2] We conclude that the court reasonably could have found that the plaintiffs did not waive their claim for attorney's fees under the contract.

Accordingly, the court's finding was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The court pointed out that in his affidavit, the plaintiffs' counsel sought $41,038.30 for counsel fees. The court allowed the defendant fourteen days in which to contest this amount. The defendant did not do so.