# DAVID M. LEHN, ADMINISTRATOR (ESTATE OF RICHARD AIELLO) *v.* MARCONI BUILDERS, LLC, ET AL.
## (AC 29889)

Bishop, Lavine and Dupont, Js.

Argued September 15, 2009—officially released April 20, 2010

*John A. Farnsworth*, for the appellant (plaintiff).

*Terrance D. Lomme*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, David M. Lehn, administrator of the estate of Richard Aiello, appeals from the judgment of the trial court, *Holzberg, J.*, opening the judgment rendered against the defendants, Marconi Builders, LLC (Marconi Builders), and James P. Marconi. On appeal, the plaintiff claims that, under General Statutes § 52-212a, the court lacked authority to open the judgment. We disagree and therefore affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. On July 25, 2006, the plaintiff commenced the present action in his fiduciary capacity[1] to recoup funds the defendants allegedly owe the estate of Aiello.[2] The complaint alleges in part that, between April 12, 1999, and December 15, 2004, Aiello lent the defendants more than $600,000, and that the defendants failed to repay approximately $270,000, plus interest.

Attorney Terrance D. Lomme filed an appearance on behalf of both defendants on August 22, 2005. On October 31, 2005, the plaintiff filed a motion for default for failure to plead against Marconi Builders. The assistant court clerk granted the motion for default on

[1] On February 7, 2005, the plaintiff was appointed administrator of the estate of Richard Aiello, who died on December 17, 2004.

[2] The complaint sounded in three counts: breach of contract as to the defendants jointly and separate counts of unjust enrichment as to Marconi Builders and Marconi.

November 3, 2005. One year later, on October 10, 2006, the plaintiff filed a motion for default for failure to plead against Marconi, which was granted by the clerk on October 11, 2006. On December 29, 2006, the plaintiff filed a motion for judgment after default as to both defendants. The defendants filed an objection to the motion for judgment on Friday, January 12, 2007. The court, *Aurigemma, J.*, granted the plaintiff's motion for judgment after default on January 16, 2007, and notice of the judgment was sent to the parties on January 17, 2007. In their objection, the defendants represented, in part, that they had filed a motion to open the default. On the order page of the defendants' objection to the motion for judgment are the hand-written words: "Overruled. There is no motion to open default in file— [d]efault entered in October [2006]." The order is signed by Judge Aurigemma. Notice of the order overruling the defendants' objection was sent on January 16, 2007.

The defendants, however, had filed a motion to open the default for failure to plead on January 12, 2007.[3] On January 29, 2007, the court, *McWeeny, J.*, summarily granted the motion to open the default for failure to plead.[4] On February 16, 2007, the plaintiff replied to the defendants' special defenses. The plaintiff filed in seriatim three motions to exempt the case from the dormancy list.

Later, the parties learned that the clerk of the trial court considered judgment to have entered in the plaintiff's favor on January 16, 2007, and that the court's file

---

[3] In their motion to open the default, the defendants stated that there "are currently two actions with essentially the same [p]laintiffs and [d]efendants . . . [o]ur records indicate that an [a]nswer was prepared for both actions and that they were both submitted to the [c]ourt and opposing counsel [and that] apparently the [a]nswer for this matter was never received by the [c]ourt or opposing counsel . . . ." The defendants attached an answer and special defense to the motion to open default.

[4] None of the parties sought an articulation from Judge McWeeny for the basis of his order granting the motion to open the default judgment.

was closed. On March 28, 2008, the defendants filed a motion to clarify and to open the January 16, 2007 judgment. The plaintiff filed an objection to the motion to open the judgment on April 8, 2008, contending that the court lacked jurisdiction to open the judgment pursuant to § 52-212a. On April 28, 2008, Judge Holzberg granted the defendants' motion to open the judgment.[5] The plaintiff appealed.[6]

On appeal, the plaintiff claims that pursuant to § 52-212a, the court lacked authority to open the judgment because the defendants' motion to open was filed more than four months after judgment was rendered.[7] We first address the applicable standard of review. "Whether a court retains continuing jurisdiction over a case is a question of law subject to plenary review. . . . Whether a court properly exercised that authority, however, is a separate inquiry that is subject to review only

[5] In granting the defendants' motion to open the judgment, Judge Holzberg stated: "You know, my sense of it is that we ought to follow the admonition . . . which is that the rules of practice are to be construed to make sure that justice is done. It seems to me that . . . it would be a hypertechnical interpretation of the rules, given Judge McWeeny's ruling on this matter, to suggest that the defendant ought not have his day in court, particularly, when he's appeared. He's pled, and it seems to me that whatever issue—objections might be raised, are that the defendant[s] [are] entitled to have this case heard and determined and, therefore, the motion to open is granted . . . ."

[6] Our Supreme Court "has concluded that an order opening a judgment is ordinarily not a final judgment. . . . We also have recognized, however, than [a]n order of the trial court opening a judgment is . . . an appealable final judgment where the issue raised is the power of the trial court to open. . . . Indeed, this court has recognized an exception . . . for those cases in which the appellant makes a colorable challenge to the jurisdiction of the trial court to open the judgment." (Citations omitted; internal quotation marks omitted.) *Novak* v. *Levin*, 287 Conn. 71, 77, 951 A.2d 514 (2008).

[7] Following argument before us, we sua sponte ordered the trial court "to further articulate, on or before January 8, 2010, the basis of its April 28, 2008 decision granting the defendants' March 25, 2008 motion to reopen in light of the provision in . . . § 52-212a that 'the parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . .' given the plaintiff's April 8, 2008 objection to motion to reopen."

for an abuse of discretion." (Citation omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 211, 884 A.2d 981 (2005).

General Statutes § 52-212a provides in relevant part "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . . The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . . ."

"[T]he substantive provisions of § 52-212a are fully enforceable as a limitation on the authority of the trial court to grant relief from a judgment after the passage of four months. Thus construed, § 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it. . . . [A] trial court judgment rendered after the expiration of an applicable statutory time limitation is not void for want of jurisdiction of the court to render it . . . but . . . unless the party against whom it is rendered consents to its being entered or waives the objection [the judgment] is erroneous." (Internal quotation marks omitted.) *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999).

The case of *Sicaras* v. *Hartford*, 44 Conn. App. 771, 778, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997), is instructive to the resolution of the plaintiff's claim on appeal. In *Sicaras*, the parties settled their dispute on the day trial was to begin, and the court ordered the plaintiff to file a withdrawal. Id., 774–75. Eleven months later, the defendants filed motions to restore the case to the docket as a precursor to filing a motion to enforce the parties' settlement agreement.

Id., 773. The trial court granted the motion to restore.[8] Id. This court concluded that the trial court had authority to restore the case to the docket, because the plaintiff, George W. Sicaras, had waived the four month limitation of § 52-212a "by requesting, in his opposition to the defendants' motion [to enforce the settlement agreement], that the case be restored to the docket." Id., 779.

On appeal here, the defendants claim that the plaintiff waived his right to object to their motion to open the judgment when he replied to the special defenses alleged with their answer, which accompanied their motion to open the default. "[W]aiver involves the intentional relinquishment of a known right. . . . There cannot be a finding of waiver unless the party has both knowledge of the existence of the right and intention to relinquish it. . . . Moreover, a *party claiming waiver has the burden* of proving it." (Citations omitted; emphasis added; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Tarro*, 37 Conn. App. 56, 60, 654 A.2d 1238 (1995). "It is significant to note that when such a claim [of waiver] is made, the individual conduct of each party becomes a relevant factor for our consideration." *Snow* v. *Calise*, 174 Conn. 567, 573, 392 A.2d 440 (1978). "Waiver is a question of fact . . . ." (Citation omitted.) *Capozzi* v. *Liberty Mutual Fire Ins. Co.*, 32 Conn. App. 250, 257, 629 A.2d 424 (1993), aff'd, 229 Conn. 448, 642 A.2d 1 (1994).

In this case, the plaintiff stated in his objection to the motion to open the judgment that the court lacked jurisdiction pursuant to § 52-212a.[9] In his articulation; see footnote 7 of this opinion; Judge Holzberg found

---

[8] "Withdrawals are analogous to final judgments." *Sicaras* v. *Hartford*, supra, 44 Conn. App. 775.

[9] As our Supreme Court explained in *Kim* v. *Magnotta*, supra, 249 Conn. 104, the question is whether the trial court had the authority to open the judgment more than four months after it was entered.

that the plaintiff had waived his right to raise the claim under § 52-212a and stated that "the plaintiff never objected to Judge McWeeny's ruling, nor did [he] seek to reargue it . . . [and] the plaintiff, de facto, acknowledged the propriety and effect of Judge McWeeny's ruling by filing a reply to the special defenses and a claim to the trial list, thereby waiving any subsequent claim that the judgment had not in fact been reopened . . . ."

We review a trial court's finding of waiver under the clearly erroneous standard. See *Grey* v. *Connecticut Indemnity Services, Inc.*, 112 Conn. App. 811, 815, 964 A.2d 591 (2009). In this case, we cannot conclude that the court's finding of waiver is clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.