******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF NEWTOWN *v.* SCOTT E.
OSTROSKY ET AL.
(AC 42176)

Alvord, Suarez and Pellegrino, Js.

*Syllabus*

The defendant O appealed to this court, challenging the trial court's denial
of his motion to reargue and for reconsideration of the trial court's
judgment of foreclosure by sale. The plaintiff, the town of Newtown,
had sought to foreclose a mortgage and filed a motion for default as to
O for his failure to plead pursuant to the applicable rule of practice
(§ 10-18). The court clerk thereafter granted the motion. O claimed that
the foreclosure judgment should be opened and vacated because, inter
alia, the default entered by the clerk was invalid and could not serve
as the basis for the foreclosure judgment. *Held* that the trial court
properly denied the motion to reargue and for reconsideration; because
the claim raised by O in this court essentially reiterated the claim he
raised in the trial court, which thoroughly addressed his arguments, this
court adopted the trial court's well reasoned memorandum of decision
as a statement of the facts and applicable law.

Argued November 18—officially released December 22, 2020

*Procedural History*

Action to foreclose a mortgage on certain of the
named defendant's real property, and for other relief,
brought to the Superior Court in the judicial district
of Danbury and transferred to the judicial district of
Fairfield, where the named defendant was defaulted for
failure to plead; thereafter, the court, *Hon. Alfred J.
Jennings, Jr.*, judge trial referee, granted the plaintiff's
motion for a judgment of strict foreclosure and ren-
dered judgment of foreclosure by sale; subsequently,
the court denied the named defendant's motion to rear-
gue and for reconsideration, and the named defendant
appealed to this court. *Affirmed.*

*Robert M. Fleischer*, for the appellant (named
defendant).

*Alexander Copp*, with whom, on the brief, was *Jason
A. Buchsbaum*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This is an appeal from a denial of a motion to reargue and for reconsideration filed by the defendant Scott E. Ostrosky[1] from the judgment of fore-closure by sale rendered by the trial court in favor of the plaintiff, the town of Newtown. On appeal, the defendant claims that the judgment should be opened and vacated because (1) the default that was entered by the court clerk was invalid and cannot serve as the basis for the foreclosure judgment and (2) the motion for a judgment of foreclosure was filed prematurely by the plaintiff. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The plaintiff instituted foreclosure proceedings against the defendant on October 17, 2016. On May 23, 2018, the plaintiff filed a motion for default for failure to plead, pursuant to Practice Book § 10-18. On June 6, 2018, the plaintiff filed a motion for a judgment of strict foreclosure, pursuant to Practice Book § 17-25 et seq. On June 7, 2018, the court clerk granted the plaintiff's motion for default for failure to plead. On June 18, 2018, the court rendered judgment of foreclosure by sale against the defendant, setting a sale date of December 8, 2018. On July 3, 2018, the defendant filed a motion to reargue and for reconsideration, claiming that the default entered by the court clerk was invalid and could not serve as the basis for the foreclosure judgment, and that the plaintiff's motion for judgment was filed prematurely. On September 13, 2018, the court denied the defendant's motion to reargue and for reconsideration.

The defendant appealed to this court from the denial of his motion to reargue and for reconsideration and challenged the trial court's judgment of foreclosure by sale. On appeal, he essentially reiterates the same claim that he raised in the trial court in support of his motion to reargue and for reconsideration, namely, that the default entered by the court clerk was invalid and could not serve as the basis for the foreclosure judgment and that the plaintiff's motion for judgment of strict foreclosure was filed prematurely.

We carefully have examined the record of the proceedings before the trial court, in addition to the parties' appellate briefs and oral arguments, and we conclude that the judgment of the trial court should be affirmed. Because the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision denying the defendant's motion to reargue and for reconsideration as a statement of the facts and the applicable law with respect to the issues raised in this appeal. See *Newtown* v. *Ostrosky*, Superior Court, judicial district of Fairfield, Docket No. CV-16-6060962-S (September 13, 2018) (reprinted at 201 Conn. App.      ,

A.3d    ). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment denying the motion to reargue and for reconsideration is affirmed and the case is remanded for the purpose of setting a new sale date.

[1] The other defendants in this action are the town of Monroe, the Planning and Zoning Commission of the Town of Monroe, the Inland Wetlands Commission of the Town of Monroe, and Joseph Chapman, in his capacity as land use enforcement officer for the town of Monroe. Because they are not participating in this appeal, we refer to Ostrosky as the defendant.