******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ERIC WESTRY ET AL. *v.* LITCHFIELD VISITATION CENTER
## (AC 45039)

Bright, C. J., and Alvord and Clark, Js.

*Syllabus*

The plaintiff brought an action alleging, inter alia, discrimination on the basis of race against the defendant. After the defendant was defaulted for failure to plead, it filed an answer to the plaintiff's complaint and a motion to set aside the default, which the trial court granted. The defendant then filed a motion to dismiss the plaintiff's complaint on the basis that the court lacked subject matter jurisdiction because the plaintiff failed to bring the action within the ninety day statutory (§ 46a-101 (e)) time limitation after receiving a release of jurisdiction from the Commission on Human Rights and Opportunities (commission). The court granted the defendant's motion to dismiss on the basis of the plaintiff's untimely filing. Following oral argument on the plaintiff's motion for reconsideration, the court denied the request to reconsider its decision and reverse its ruling on the motion to dismiss. On the plaintiff's appeal to this court, *held*:

1. The plaintiff could not prevail on his claim that the trial court abused its discretion in granting the defendant's motion to set aside the default: the court found that the defendant's claim that it had made a mistake in understanding the timing of its response was valid and further observed that the defendant had filed an answer by the time it was considering the motion; moreover, the plaintiff did not claim, either before the trial court or this court, that he suffered any prejudice; furthermore, the record reflected that this was the defendant's first request to open a default and that the duration between the time when the default entered and when the defendant filed its answer was only seventeen days.

2. This court declined to review the plaintiff's claims that the trial court improperly granted the defendant's motion to dismiss for failure to commence the action within the ninety day time limitation set forth in § 46a-101 (e): it was improper for this court to review the plaintiff's claims when he had not properly raised them before the trial court and that court did not decide the issues; moreover, although the defendant argued in its brief to this court that these new claims by the plaintiff were not preserved, the plaintiff failed to address the defendant's argument, as he declined to file a reply brief and waived his right to oral argument.

Argued September 20—officially released December 13, 2022

*Procedural History*

Action for the defendant's alleged discrimination on the basis of, inter alia, race, brought to the Superior Court in the judicial district of Waterbury where the court, *Brazzel-Massaro, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the named plaintiff appealed to this court. *Affirmed.*

*Eric Westry*, self-represented, filed a brief as the appellant (named plaintiff).

*Adam V. Maiocco*, with whom, on the brief, was *Michael Rigg*, for the appellee (defendant).

*Opinion*

CLARK, J. The self-represented plaintiff, Eric Westry,[1] appeals from the trial court's judgment granting the motion to dismiss filed by the defendant, Litchfield Visitation Center. On appeal, the plaintiff claims that the trial court erred in (1) setting aside a default that had been entered against the defendant and (2) granting the defendant's motion to dismiss the complaint for failure to commence the action within the ninety day time limitation set forth in General Statutes § 46a-101 (e). We affirm the judgment of the trial court.[2]

We begin by setting forth the relevant procedural history of this case. On August 27, 2018, the plaintiff commenced this action against the defendant by writ of summons and complaint. The complaint alleged, among other things, that the defendant had engaged in a wide variety of discriminatory practices against the plaintiff. Appended to the complaint was a "Release of Jurisdiction" dated May 18, 2018, from the Commission on Human Rights and Opportunities (commission).

On September 28, 2018, the plaintiff filed a motion for default for failure to plead. On October 30, 2018, the clerk granted the plaintiff's motion.

On November 16, 2018, the plaintiff filed a claim for a hearing in damages. The same day, the defendant filed both an answer to the plaintiff's complaint and also a motion to set aside the default.[3] In its motion to set aside the default, the defendant argued that it had made a mistake in understanding the timing of its response and requested that the court allow it an opportunity to submit a proper response to the complaint.

On November 19, 2018, the plaintiff filed an objection to the defendant's motion to set aside the default. Specifically, he argued that "[m]isunderstanding the rules and law are a reason to enlist professional legal assistance, to ensure mistakes admitted to, are averted."

On December 3, 2018, the court, *Brazzel-Massaro, J.*, granted the defendant's motion to set aside the default. The court's order stated: "Judgment has not been granted at this time. Default was entered and may be opened in accordance with [Practice Book §] 17-42 upon good cause shown. The defendant has provided a valid reason and has filed an answer [to] the complaint. Therefore, the motion to open default is granted."

On April 1, 2019, the defendant filed a motion to dismiss the plaintiff's complaint on the basis that the court lacked subject matter jurisdiction. The defendant argued that, because the plaintiff had failed to bring the present action within ninety days of receiving a release of jurisdiction from the commission, the court lacked jurisdiction over the case. On April 2, 2019, the plaintiff filed an objection to the defendant's motion to dismiss. He argued that the requirement to seek

recourse with the commission before bringing an action in the Superior Court applies only when a defendant is a governmental entity. As such, his objection implied that the ninety day limitation to file an action following the release of jurisdiction from the commission did not apply in this case because the defendant was not a governmental entity.

On August 19, 2019, the court, *Brazzel-Massaro, J.*, issued a memorandum of decision on the defendant's motion to dismiss. The court disagreed with the defendant that the ninety day time limitation in question was jurisdictional. The court explained that our Supreme Court's decision in *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 259, 777 A.2d 645 (2001), supports the position that the ninety day period in this case is to be interpreted as a statute of limitations subject to waiver and equitable tolling. Nevertheless, the court explained that "[t]here is nothing in the complaint nor in the memorandum in opposition that supports a claim of tolling or waiver." The court also rejected the plaintiff's argument that the statutory deadline for commencing an action under § 46a-101 (e) applies only when the defendant is a governmental entity. Accordingly, the court granted the defendant's motion to dismiss on the basis of the plaintiff's untimely filing.

On August 20, 2019, the plaintiff filed a motion to reconsider the court's dismissal, requesting that the court reconsider its decision on the following grounds: "(1) [the] court agrees that the deadline for filing the action was [August 16, 2018]"; "(2) [the] court clerk filing of complaint is clearly dated on the docket: [August 15, 2018]"; "(3) [t]he preceding fee waiver for the filing granted by . . . Judge Mark Taylor is dated the same day, [August 15, 2018]"; and "(4) [t]he clock for filing is stopped upon the filing—and granting—of the fee waiver." On August 22, 2019, the defendant filed an objection to the plaintiff's motion to reargue in which it argued that the court properly granted the defendant's motion to dismiss and that the plaintiff was now attempting to make new arguments that he failed to make in his objection to the defendant's motion to dismiss or at the time of oral argument.

On January 13, 2020, the plaintiff's motion for reconsideration and the defendant's objection appeared on the trial court's short calendar, at which time the plaintiff and counsel for the defendant appeared and argued their respective positions before the court, *Gordon, J.* Following that argument, the court issued an order indicating that it would be inappropriate for the court to consider such arguments because Practice Book § 11-12 (c) required the judge who decided the motion to dismiss to decide the plaintiff's motion to reconsider. The court thus directed the parties to contact the caseflow office in order to have the matter referred to

Judge Brazzel-Massaro.

Following the referral of the plaintiff's motion to Judge Brazzel-Massaro, the court, *Brazzel-Massaro, J.*, allowed a second oral argument on May 19, 2021. During the hearing, the court indicated that it would also review the transcripts of the first oral argument that the parties presented to Judge Gordon.

On September 16, 2021, the court issued its memorandum of decision on the plaintiff's motion for reconsideration. The court observed that "[t]he plaintiff's argument before this court on the motion to reconsider and reargue recognizes a number of facts and case law which were not raised at the prior argument before this court after which the court dismissed the complaint." Namely, the court observed that the plaintiff was now arguing that his submission of a fee waiver application on August 15, 2018, either commenced the action or tolled the ninety day time limitation. To that end, the court stated: "The parties agreed that the [ninety] day time period ended on August 16, 2018. The plaintiff submitted a fee waiver request which was filed on August 15, 2018, in accordance with the docket entry sheet of the complaint demonstrating the granting of the fee waiver. The fee waiver was not filed with the court on this date because there was no pending action at the time. Although the fee waiver addressed the costs of filing as well as the costs for service it did not constitute commencement of an action within the court. However, the plaintiff has argued now that the time is tolled because he submitted an August 15, 2018 waiver of the fees to file this action." (Footnote omitted.) The court rejected the plaintiff's tolling argument, concluding that there is "no authority to extend the statutory time period for commencing an action beyond the ninety days and based upon the memorandum and argument of the parties does not find that there is any legal basis to support the plaintiff's new argument." The court's decision also noted that "[at] argument the plaintiff inserted additional arguments for which he provided no evidence or legal support for [the] court to consider. Thus, the court does not address other arguments without legal or factual support." The court concluded by stating that "this court has permitted a reargument but denies the request to reconsider and reverse its ruling on the motion to dismiss. That decision is affirmed." This appeal followed.

I

On appeal, the plaintiff argues that the trial court abused its discretion in setting aside the default that had been entered against the defendant because there was not good cause to do so. We are not persuaded.

We begin by setting forth our standard of review and the relevant legal principles that inform our analysis. "It is well established that [the] determination of

whether to set aside [a] default is within the discretion of the trial court . . . [and] such a determination will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as [t]he seriousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Internal quotation marks omitted.) *Johnson* v. *Raffy's Cafe I, LLC*, 173 Conn. App. 193, 203, 163 A.3d 672 (2017).

A motion to set aside a default for failure to plead is governed by Practice Book §§ 17-32 and 17-42. Section 17-32 (b) provides in relevant part: "If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the default shall automatically be set aside by operation of law unless a claim for a hearing in damages or a motion for judgment has been filed. If a claim for a hearing in damages or a motion for judgment has been filed, the default may be set aside only by the judicial authority. . . ." Section 17-42 provides: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. As part of its order, the judicial authority may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent. Certain defaults may be set aside by the clerk pursuant to Sections 17-20 and 17-32." See also *Snowdon* v. *Grillo*, 114 Conn. App. 131, 138, 968 A.2d 984 (2009) (discussing interplay between §§ 17-32 and 17-42).

As an initial matter, the defendant argues that, although it filed a motion to set aside the default with the court, the court was not required to act on that motion because the default automatically was set aside by operation of law when the defendant filed its answer. Specifically, the defendant contends that, because the plaintiff had not requested a hearing in damages prior to the filing of the defendant's answer to the complaint, the default automatically was set aside pursuant to Practice Book § 17-32. This argument lacks merit because, despite the defendant's contention that it filed its answer *prior* to the plaintiff's claim for a hearing in damages, the electronic docket in this case reflects that the plaintiff's claim for a hearing in damages (Docket Entry 102.00) already had been filed by the time the defendant filed its motion to set aside the default (Docket Entry 107.00) and answer (Docket Entry 108.00). Although all three documents were filed on the same day, the record reflects that the plaintiff's claim was filed first. As a result, the default could be set aside "only by the judicial authority." See Practice Book § 17-

32 (b) ("[i]f a claim for a hearing in damages or a motion for judgment has been filed, the default may be set aside only by the judicial authority").

The question then is whether the court abused its discretion in granting the defendant's motion to set aside the default. Upon our careful review of the record, we conclude that it did not. The court found that the defendant's mistake as to the timing of its response was valid and further observed that the defendant had in fact filed an answer by the time the court was considering the motion. Additionally, neither before the trial court nor this court did the plaintiff claim that he suffered any prejudice. The record reflects that this was the defendant's first request to open a default and that the duration between the time when the default entered and when the defendant filed its answer was only seventeen days.

On the basis of our review of the record, we conclude that the court did not abuse its discretion in granting the defendant's motion to set aside the default.

## II

The plaintiff next claims that the trial court improperly granted the defendant's motion to dismiss for failure to commence the action within the ninety day time limitation set forth in § 46a-101 (e).[4] In support of his claim, the plaintiff appears to argue that the action was timely commenced because the writ of summons and complaint were delivered to the marshal prior to the expiration of the time limitation or, in the alternative, that the time limitation to commence an action was tolled because the defendant evaded the marshal's service of process, resulting in service occurring beyond the ninety day time limitation.[5] The defendant argues that the plaintiff did not properly raise these claims before the trial court and that the trial court did not decide these issues. The defendant therefore argues that it would be improper for this court to review the plaintiff's claims. We agree with the defendant.

"Our appellate courts, as a general practice, will not review claims made for the first time on appeal." (Internal quotation marks omitted.) *Guzman* v. *Yeroz*, 167 Conn. App. 420, 426, 143 A.3d 661, cert. denied, 323 Conn. 923, 150 A.3d 1152 (2016). We repeatedly have held that "[a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Internal quotation marks omitted.) *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 619, 99 A.3d 1079 (2014). "[A]n appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court." (Citations omitted; internal quotation marks omitted.) *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 170–71,

745 A.2d 178 (2000); see also Practice Book § 60-5. "[T]o permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) *Alpha Beta Capital Partners, L.P.* v. *Pursuit Investment Management, LLC*, 193 Conn. App. 381, 454–55, 219 A.3d 801 (2019), cert. denied, 334 Conn. 911, 221 A.3d 446 (2020), and cert. denied, 334 Conn. 911, 221 A.3d 446 (2020). Our law is also "clear that [r]aising an issue for the first time in a motion to reargue will not preserve that issue for appellate review." (Internal quotation marks omitted.) *Doyle Group* v. *Alaskans for Cuddy*, 164 Conn. App. 209, 227, 137 A.3d 809, cert. denied, 321 Conn. 924, 138 A.3d 284 (2016).

In the present case, the plaintiff did not argue in his written opposition to the defendant's motion to dismiss or at oral argument on that motion that the action was timely commenced because he delivered the summons and complaint to a state marshal within the ninety day time limitation or that the time limitation to file was tolled because the defendant somehow evaded service. The plaintiff only argued in his opposition that the requirement to bring a prior complaint with the commission only applied in cases where the defendant was a governmental entity. In its August 19, 2019 memorandum of decision, the court disposed of that argument and granted the defendant's motion to dismiss.

The plaintiff also did not raise the claims he now raises on appeal in either his written motion to reconsider the court's decision to grant the defendant's motion to dismiss or at the first oral argument on that motion. Rather, in his written motion for reconsideration, the plaintiff argued that the filing of an application for a fee waiver either commenced the action or tolled the limitation period. This was the focus of the plaintiff's oral argument at the first argument on his motion for reconsideration. Indeed, the plaintiff explicitly stated at that oral argument: "I'm basically here to point out that there were facts that were overlooked in terms of the filing of the fee waiver . . . ."

The first time that the plaintiff arguably raised the claims he now asserts on appeal came in a rather convoluted argument made at the second oral argument on his motion to reconsider before Judge Brazzel-Massaro on May 19, 2021, after the motion had been referred to her by Judge Gordon. These claims were intertwined with general arguments to the court that the court should not have set aside the default previously and that the defendant had discriminated against him. After the plaintiff raised these new claims at the second oral argument on his motion to reconsider, counsel for the defendant objected to these claims, arguing that "[the

plaintiff] did not bring up anything about a marshal" previously, and that the arguments the plaintiff was attempting to make "were not made at the time of the opposition to the motion to dismiss or in his papers regarding the motion to reargue . . . ." The defendant's counsel argued that "[a] motion to reargue, as the court is well aware, is not an opportunity to have a second bite of the apple."

In regard to these new claims pertaining to the marshal's alleged efforts to effect service of process and the defendant's alleged evasive conduct, the court, in its memorandum of decision denying the motion to reconsider, stated that, "[a]t argument the plaintiff inserted additional arguments for which he provided no evidence or legal support for this court to consider. Thus, the court does not address other arguments without legal or factual support." The court instead addressed the plaintiff's fee waiver claim that he raised in his written motion for reconsideration. The court concluded that there was "no authority to extend the statutory time period for commencing an action beyond the ninety days and based upon the memorandum and argument of the parties does not find that there is any legal basis to support the plaintiff's new argument." Citing to other Superior Court decisional law, the court observed that "the commencement of an action begins when the writ, summons, and complaint have been served upon the defendant." The court therefore stated that it "permitted a reargument but denies the request to reconsider and reverse it ruling on the motion to dismiss. That decision is affirmed."

On appeal, as noted previously, the plaintiff no longer pursues his fee waiver claims or the claim that the time limitation in § 46a-101 (e) applies only in cases when a defendant is a governmental entity. See footnote 5 of this opinion. Instead, he claims that the writ of summons and complaint being delivered to the marshal prior to the expiration of the time limitation timely commenced the action or, in the alternative, that the defendant's alleged evasive behavior to avoid service tolled the limitation period.

Although the defendant argued in its appellee's brief that these new claims by the plaintiff were not preserved, the plaintiff does not address the defendant's argument, as he declined to file a reply brief addressing the defendant's arguments and waived his right to oral argument. As previously stated, however, our law is clear that "[r]aising an issue for the first time in a motion to reargue will not preserve that issue for appellate review." *White* v. *Mazda Motor of America, Inc.*, supra, 313 Conn. 634; see also *Gleason* v. *Smolinski*, 319 Conn. 394, 404 n.11, 125 A.3d 920 (2015) (observing that issues mentioned for first time in postjudgment motion for articulation or motion to reargue will not preserve those issues for appellate review). This is especially true when

the trial court did not even rule on the claims raised. A motion to reargue, including any attendant hearing on that motion, "is not a device to obtain 'a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument.' " *Durkin Village Plainville, LLC* v. *Cunningham*, 97 Conn. App. 640, 656, 905 A.2d 1256 (2006). As such, we decline to review these claims on appeal,[6] and, consequently, affirm the court's judgment of dismissal.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Amelia-Amenirdis Westry (Amelia) also was named as a plaintiff in this action. The trial court noted, however, that there was never an appearance filed for Amelia and that Eric Westry (Eric) could not "speak for her as a party to this action." Amelia did not participate in the action in the Superior Court.

On October 14, 2021, an appeal was filed with this court indicating that it was being initiated by both Eric and Amelia. On October 19, 2021, this court ordered that the appeal filed on October 14, 2021, purporting to be initiated by Eric and Amelia would be treated as an appeal by Eric only unless a properly completed joint appeal consent form was filed on or before October 29, 2021. A consent document was never filed with this court. Accordingly, this court ordered that the appeal would proceed as an appeal by Eric only. As such, any reference to the plaintiff in this opinion is to Eric Westry only.

[2] On September 19, 2022, the plaintiff filed with this court a request to waive his oral argument, which was granted by the court. The parties were notified that the oral argument would proceed, and the appeal would be considered on the record and the defendant's argument.

[3] The defendant's motion was filed on the Judicial Branch form titled "Motion to Open Judgment" but was treated by the court as a motion to set aside the default because there had been no judgment rendered yet.

[4] General Statutes § 46a-101 (e) provides: "Any action brought by the complainant in accordance with section 46a-100 shall be brought not later than ninety days after the date of the receipt of the release from the commission."

[5] On appeal, the plaintiff no longer argues, nor does he brief, the claims he made before the trial court that § 46a-101 (e) applies only in cases where a defendant is a governmental entity or that an application for a fee waiver either tolled the time limitation or commenced the action. We, accordingly, deem those claims abandoned.

[6] To the extent the plaintiff's claim on appeal can be construed as challenging the court's decision not to address in its memorandum of decision the plaintiff's new claims raised for the first time at the second oral argument on his motion for reconsideration, such argument lacks merit. "The granting of a motion for reconsideration and reargument is within the sound discretion of the court. The standard of review regarding challenges to a court's ruling on a motion for reconsideration is abuse of discretion. As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) *Ray* v. *Ray*, 177 Conn. App. 544, 574, 173 A.3d 464 (2017).

Here, the plaintiff, at the second oral argument on his motion for reconsideration, plainly was seeking the proverbial "second bite." He raised new claims and theories that he never made in the first, or even second, instance. Furthermore, it is clear from the record that the plaintiff failed to provide an evidentiary or legal basis to support the new claims proffered. On the basis of our review, we conclude that the court did not abuse its discretion in declining to address the new claims the plaintiff raised for the first time at the second oral argument on his motion for reconsideration. See *Gleason* v. *Smolinski*, supra, 319 Conn. 404 n.11 (raising new issue in postjudgment motion generally will not preserve issue for appellate review).

[7] We note that this court recently held that the time limitation set forth in § 46a-101 (e) "for commencing an action in Superior Court pursuant to § 46a-100 is mandatory and not jurisdictional." *Sokolovsky* v. *Mulholland*, 213 Conn. App. 128, 134, 277 A.3d 138 (2022). As such, the proper procedure

for raising that defense is now by way of an answer and special defense; see Practice Book § 10-50; as opposed to a motion to dismiss, which raises jurisdictional arguments. See Practice Book § 10-30. Although the defendant raised the time limitation defense in a motion to dismiss, we discern no appropriate basis under the circumstances of this case to upset the court's judgment of dismissal. The plaintiff did not properly raise or preserve a waiver, consent, or equitable tolling claim below or on appeal that would warrant reversal of the court's dismissal. We therefore affirm the court's judgment dismissing the plaintiff's complaint. See *Mosby* v. *Board of Education*, 187 Conn. App. 771, 775 n.5, 203 A.3d 694 ("[b]ecause the plaintiff presents no argument as to whether the time limit of § 46a-101 (e) is either mandatory or jurisdictional and presents no claim of waiver, consent, or equitable tolling, we conclude that the court properly dismissed . . . the [plaintiff's] claim regardless of whether the time limit is jurisdictional" (internal quotation marks omitted)), cert. denied, 331 Conn. 917, 204 A.3d 1160 (2019); *Sempey* v. *Stamford Hospital*, 180 Conn. App. 605, 616, 184 A.3d 761 (2018) (same).