******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## U.S. BANK NATIONAL ASSOCIATION, TRUSTEE *v.* SHOLEH WEINBAUM
## (AC 45043)

Elgo, Suarez and Clark, Js.

*Syllabus*

Pursuant to the rules of practice (§ 17-32 (b)), a motion for judgment shall not be filed "before the expiration of fifteen days from the date of the notice of issuance of the default . . . ."

Pursuant further to the rules of practice (§ 17-33 (b)), a court, at or after the time it renders a default, may render judgment in foreclosure cases "notwithstanding Section 17-32 (b) . . . provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority. . . ."

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant homeowner. The plaintiff filed a motion for default for failure to plead on September 6, 2019, which was granted by the clerk of court on September 17, 2019. The plaintiff then filed a motion for judgment of strict foreclosure on September 24, 2019, eighteen days after the motion for default was filed and seven days after the default had entered. The trial court denied the defendant's subsequent motion to set aside the default and rendered a judgment of foreclosure by sale. On the defendant's appeal to this court, *held*:

1. The defendant could not prevail on her claim that the trial court was required to set aside the default or, alternatively, that the default was set aside automatically when she filed her answer and special defenses, which was based on her claim that the plaintiff's motion for judgment of strict foreclosure was filed only seven days after the clerk of court granted the motion for default for failure to plead in violation of Practice Book § 17-32 (b): the trial court was not required to set aside the default because the fifteen day filing limitation in § 17-32 (b) is not controlling in foreclosure proceedings, as Practice Book § 17-33 (b) expressly authorizes a court to render judgment in foreclosure cases at or after the time default is rendered and, thus, the defendant's contentions found no support in the language of §§ 17-32 and 17-33 or this court's cases interpreting those provisions; moreover, nothing prevented the defendant from filing a timely pleading in the first instance or from filing a motion to set aside the default and making the requisite showing of good cause; furthermore, the record did not support the defendant's contention that the plaintiff was not prepared to proceed with its first motion for judgment of strict foreclosure when it was filed because the court ultimately rendered judgment on the plaintiff's second motion for judgment, as the second motion was filed because the defendant had sought reinclusion into the foreclosure mediation program after the first motion for judgment was filed.

2. The trial court did not abuse its discretion by denying the defendant's motion to set aside the default: because the default was not set aside automatically when she filed her answer and special defenses, it was incumbent on the defendant to file a motion to set aside the default and to demonstrate good cause for doing so, and the defendant's motion to set aside did not allege any facts demonstrating good cause; the plaintiff filed its motion for default for failure to plead approximately one year after it commenced this action, after the foreclosure mediation period had terminated due to the defendant's failure to appear at a scheduled mediation session and, instead of explaining in her motion to set aside the default why she did not timely file a responsive pleading, the defendant, through counsel, simply set forth the parties' mediation efforts and indicated that the mediation period had ended because she missed a session.

Argued March 8—officially released May 30, 2023

*Procedural History*

Action to foreclose a mortgage on certain real prop-

erty owned by the defendant, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant was defaulted for failure to plead; thereafter, the court, *Spader, J.*, denied the defendant's motion to set aside the default; subsequently, the case was tried to the court, *Spader, J.*; judgment of foreclosure by sale, from which the defendant appealed to this court. *Affirmed.*

*John J. Ribas*, for the appellant (defendant).

*Geoffrey Milne*, with whom, on the brief, was *Victoria L. Forcella*, for the appellee (plaintiff).

*Opinion*

CLARK, J. In this foreclosure action, the defendant, Sholeh Weinbaum, appeals from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, U.S. Bank National Association, As Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass Through Certificates, Series 2006-4. On appeal, the defendant claims that the court improperly denied her motion to set aside the default that was entered against her for failing to plead because the plaintiff's motion for judgment was filed prematurely. Alternatively, she makes the related claim that the default was set aside by operation of law when she filed her answer and special defenses. Lastly, she claims that the court abused its discretion when it denied her motion to set aside the default. We affirm the judgment of the trial court.

We begin by setting forth the relevant procedural history of the case. On August 24, 2018, the plaintiff commenced this foreclosure action against the defendant by writ of summons and complaint, which sought to foreclose a mortgage on property located at 5 Daniel Court in Westport. On October 24, 2018, the plaintiff filed a motion for default for failure to appear, which the clerk of court granted on October 31, 2018.

On November 13, 2018, the defendant, who was then self-represented, filed an appearance in the case.[1] On November 14, 2018, she filed a petition to participate in the foreclosure mediation program, which the court granted on November 30, 2018. The court assigned the case to the mediation program on December 3, 2018.

On September 6, 2019, following the termination of the mediation period, the plaintiff moved for the entry of default for failure to plead. The clerk granted that motion on September 17, 2019. On September 24, 2019, the plaintiff filed a motion for judgment of strict foreclosure.

On or about October 18, 2019, the defendant retained counsel, who filed an appearance in the case. On October 28, 2019, the defendant filed an answer and special defenses to the plaintiff's complaint. On October 30, 2019, the defendant also filed a motion to set aside the September 17, 2019 default for failure to plead, setting forth therein the parties' mediation history and arguing, inter alia, that, "[w]hile the undersigned respectfully takes the position that the default is automatically opened when applying the 'wait and see approach' required by, read in conjunction, Practice Book [§§] 17-32 (b) and 17-33 (b) as discussed in *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 666–67, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004) and *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, [59 A.3d 864, appeal dismissed, 309 Conn. 905, 68 A.3d 661 (2013)] (both of

which ratify the well-known implication that, while the court may contemplate the entry of judgment of foreclosure notwithstanding the fifteen days contemplated in . . . § 17-32 (b), the filing of an answer before the judgment hearing sets aside and opens the entry of default for failure to plead as a matter of law), it files the instant motion in an abundance of caution." The court denied the motion to set aside the default on November 16, 2019. The defendant did not file a motion to reargue.

On October 30, 2019, the defendant also filed a petition for reinclusion in the foreclosure mediation program. The court granted that petition on November 8, 2019. The parties' participation in the mediation program ended on or about January 29, 2020.

On August 30, 2021, the plaintiff filed a new motion for judgment of strict foreclosure. On September 24, 2021, the court held a hearing on the plaintiff's motion. At the hearing, the defendant's counsel orally objected to proceeding with the hearing on the basis that the September 17, 2019 default for failure to plead had automatically been set aside by operation of law on October 28, 2019, when the defendant filed her answer and special defense because, in his view, the plaintiff's motion for judgment of strict foreclosure on September 24, 2019, was filed too soon after the default for failure to plead had entered. Specifically, the defendant's counsel argued that "the motion for judgment is actually moot and not properly before the court given the timing of filing. I mean, you notice that the motion for default for failure to plead was filed September 6th, granted the 17th. Motion for judgment filed seven days thereafter. We weren't hired until October. And we immediately filed an answer and special defense. But, however, it seems more like a situation not analogous or contemplated by the *Burton* and *Bertrand* cases . . . ." The defendant's counsel further argued that "[t]he reality is, is that the Practice Book mandates that you're supposed to file a motion for judgment within fifteen days of the granting. And I know that the court can grant the motion for default simultaneously from the bench as contemplated by the cases. And that seems to— and—and *Burton* seems to state that that's when they're filed simultaneously. Here, it looked like there was a conscious decision to not file them simultaneously, which would therefore trigger the fifteen days."

The plaintiff's counsel disagreed. He argued that the defendant's motion to set aside the default was filed on October 30, 2019, and denied by the court two years ago. He thus argued that this issue had already been adjudicated and that the defendant never filed a motion to reargue or an appeal. At the conclusion of this colloquy between the court and counsel, the court decided to continue the hearing on the August 30, 2021 motion for judgment so it could review the file more closely and consider the parties' arguments. In an order dated

September 27, 2021, the court found that the default for failing to plead was properly entered on September 17, 2019, and that the default was not automatically set aside when the defendant filed her answer and special defenses. Upon its review of the relevant provisions of the rules of practice and case law, the court concluded that, "in foreclosure matters such as the present matter, [Practice Book] § 17-32 (b) is not controlling as to the timing of the filing of a motion for judgment upon default as the judgment of default of foreclosure COULD enter simultaneously. [Practice Book] § 17-33 (b) would be a nullity and impossible to apply on the defendant's reading of . . . § 17-32 (b)." The court also noted that the defendant did not timely address the issue until a "last minute oral volley" at the judgment hearing years later. It explained that, "had the defendant disagreed with the court, a motion to reargue or reconsider should have been timely filed. Counsel literally argued the same issue contained in [the] motion to [set aside] (which the court denied) two years after the denial." The court therefore proceeded to hear the plaintiff's motion for strict foreclosure on September 29, 2021. On September 29, 2021, the court rendered a judgment of foreclosure by sale, with a sale date of March 12, 2022. This appeal followed.

On appeal, the defendant claims that "[t]he trial court erred in denying [her] motion to open default when the plaintiff's motion for judgment was filed only seven days after the granting of the plaintiff's motion for default for failing to plead." She claims that "[t]his was within the fifteen days prescribed by Practice Book [§] 17-32 (b)." Alternatively, the defendant claims that the default was automatically set aside by the filing of an answer and special defenses. Lastly, she argues that the court abused its discretion when it denied her motion to set aside the default because she was previously self-represented and, upon obtaining counsel, filed an answer and special defenses prior to the court acting on the plaintiff's motion for judgment of strict foreclosure.[2] For the reasons discussed herein, we conclude that the defendant's claims lack merit.

We begin with our standard of review. Our review is plenary with regard to the construction of our rules of practice. See *Deutsche Bank National Trust Co.* v. *Bertrand*, supra, 140 Conn. App. 655. To that end, "[i]n construing our rules of practice, we are guided by the principles governing statutory interpretation. . . . Our fundamental objective in interpreting a rule of practice is to ascertain and give effect to the intent of the drafters. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply." (Internal quotation marks omitted.) Id.

With respect to the defendant's claim that the court

abused its discretion when it denied her motion to set aside the default, "[i]t is well established that [the] determination of whether to set aside [a] default is within the discretion of the trial court . . . [and] such a determination will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as [t]he seriousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Internal quotation marks omitted.) *Westry* v. *Litchfield Visitation Center*, 216 Conn. App. 869, 875, 287 A.3d 188 (2022).

I

We turn now to the defendant's claims that the court was required to set aside the default and that the default was set aside automatically when she filed her answer and special defenses because the plaintiff's motion for judgment of strict foreclosure was filed only seven days after the clerk of court granted the plaintiff's motion for default for failure to plead in violation of Practice Book § 17-32 (b).

Practice Book § 17-32 (b) provides: "If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the default shall automatically be set aside by operation of law unless a claim for a hearing in damages or a motion for judgment has been filed. If a claim for a hearing in damages or a motion for judgment has been filed, the default may be set aside only by the judicial authority. A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection." Practice Book § 17-33 (b) provides: "Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority, at or after the time it renders the default, notwithstanding Section 17-32 (b), may also render judgment in foreclosure cases, in actions similar thereto and in summary process actions, provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority. The judicial authority may render judgment in any contract action where the damages are liquidated provided that the plaintiff has made a motion for judgment and submitted the affidavits and attachments specified in Section 17-25 (b) (1)."

This court has previously addressed the interplay between these rules of practice in foreclosure matters.

In *Chase Manhattan Mortgage Corp.* v. *Burton*, supra, 81 Conn. App. 663, for instance, the plaintiff filed a motion for default for failure to plead and a motion for a judgment of strict foreclosure on August 29, 2002. The court clerk granted the motion for default on September 11, 2002, and the court rendered a judgment of strict foreclosure on September 16, 2002. Id. This court disagreed with the defendant's contention that Practice Book § 17-32 (b) was controlling and that it required the court to wait at least fifteen days after the default had entered before rendering a judgment against him. Id., 666–67. This court explained that, "[b]ecause this is a foreclosure proceeding, Practice Book § 17-33 (b), which allows a court to render judgment 'at or after the time it renders the default,' is applicable." Id., 667. As a result, we held that, "under . . . § 17-33 (b), the court properly rendered the judgment even though it did so only five days after the default was entered." Id.

This court subsequently decided *Deutsche Bank National Trust Co.* v. *Bertrand*, supra, 140 Conn. App. 646. In *Bertrand*, the plaintiff, on June 15, 2011, reclaimed a motion for judgment of strict foreclosure that it had previously filed and, on June 22, 2011, filed its fifth motion for default for failure to plead because, as of that date, the defendant had not filed any substantive answer to the allegations in the foreclosure complaint. Id., 651. The court took up the motion for judgment of strict foreclosure at a June 27, 2011 short calendar hearing, at which time counsel for the defendant began the hearing by arguing that the plaintiff should not be allowed to move forward with its adjudication of the motion for judgment of strict foreclosure because the court clerk had not yet acted on the plaintiff's motion for default for failure to plead. Id., 652. According to the defendant's counsel, because Practice Book § 17-32 provides that a motion for default "shall be acted on by the clerk not less than seven days from the filing of the motion"; Practice Book § 17-32 (a); the defendant still had two days to avoid the entry of a default by filing an answer. *Deutsche Bank National Trust Co.* v. *Bertrand*, supra, 140 Conn. App. 652. The defendant's counsel also informed the court that he had brought with him to the hearing the defendant's answer and special defenses and requested permission to file them with the court at that time. Id. The court stated that it was too late to do so, that the defendant was required to electronically file his answer, and that the request was an " 'outrageous example' " of delay. Id. The court told the parties that " '[d]efault is entering' " and, over the objection of the defendant's counsel, proceeded to render a judgment of strict foreclosure in favor of the plaintiff. Id., 652–53.

On appeal, the defendant in *Bertrand* argued that the court had improperly defaulted him for failure to plead at the hearing on the motion for judgment of strict foreclosure. Id., 654. According to the defendant, he

had always intended to file an answer and special defenses but was not obligated to have done so as of the date of the hearing on the motion for judgment of strict foreclosure because, as he read Practice Book § 17-32 (a), he had seven days from the filing of the motion for default in which to file a pleading, and only five days had passed by the date of the hearing. Id. We disagreed with the defendant. Id., 655. This court explained that "[n]othing in the plain language of . . . § 17-32 . . . exposes any intent to limit the authority of the court to render a default . . . or to impose upon a judge of the Superior Court any of the procedural restrictions contained in . . . § 17-32, which are expressly directed toward defaults entered by the clerk of the court pursuant to § 17-32." Id., 657. We explained that, "[a]lthough at the time of the hearing . . . § 17-32 precluded the clerk of the court from acting on the plaintiff's pending motion for default, the defendant nevertheless had not fulfilled his obligation to advance the pleadings and the rule did not limit the court's authority to default the defendant, especially given the court's finding that the defendant's delay in filing his answer was outrageous and unfounded." Id., 658.

This court in *Bertrand* also addressed the defendant's additional claim that the court violated Practice Book § 17-32 (b) when it refused to accept his answer and special defenses, which he offered to file with the court prior to the court's rendering the judgment of strict foreclosure. Id., 660. In rejecting the defendant's arguments, we explained that § 17-32 (b) unambiguously pertains to the clerk of the court, imposing certain conditions on a clerk's authority to set aside a default. Id., 661. "The rule does not speak to the court's authority to decide whether to accept pleadings that a party may attempt to file in court. [And] to the extent that . . . § 17-32 (b) can be read to imply that some amount of time must be permitted after the entry of a default in order to permit a defaulted defendant an opportunity to plead, *Practice Book § 17-33 expressly exempts the judicial authority from complying with . . . § 17-32 (b) in foreclosure proceedings and permits the court to render a default and a judgment thereon simultaneously.*" (Emphasis added.) Id., 661. Accordingly, this court rejected the defendant's argument that the court's refusal to allow the defendant to file his pleading in court violated § 17-32. Id., 661–62.

Most recently, in *Newtown* v. *Ostrosky*, 202 Conn. App. 13, 15, 245 A.3d 490 (2020), this court was presented with a similar claim to the one the defendant presses in this case. There, the defendant argued before the trial court that the plaintiff's motion for judgment of strict foreclosure filed on June 6, 2018, which was filed one day prior to the entry of default for failure to plead on June 7, 2018, "was filed prematurely in violation of the language of Practice Book § 17-32 (b), which states: 'A claim for a hearing in damages or motion for

judgment shall not be filed before the expiration of fifteen days from the date of notice of the issuance of the default under this subsection.' " *Newtown* v. *Ostrosky*, Superior Court, judicial district of Fairfield, Docket No. CV-16-6060962-S (September 13, 2018) (reprinted at 202 Conn. App. 16, 245 A.3d 492), aff'd, 202 Conn. App. 13, 245 A.3d 490 (2020). The defendant argued that the fifteen day limitation in § 17-32 (b) had not expired when the plaintiff filed the motion for judgment of strict foreclosure. Id. The trial court rejected the defendant's arguments, explaining that "[t]he plaintiff asserts, and the court agrees, that the foregoing fifteen day limitation of . . . § 17-32 (b) is excused by Practice Book § 17-33 (b) in the case [of] a judgment entered in a foreclosure case such as this." Id. The court explained that "[t]he expressed reasoning of the . . . § 17-33 (b) exception to waiting fifteen days applies here: 'Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned . . . .' " Id. The court therefore held that the filing of a motion for judgment of strict foreclosure *prior* to the entry of default by the clerk did not deprive the court of the ability to proceed with judgment less than fifteen days from the entry of a default. Id. On appeal, this court affirmed the judgment of the trial court and adopted its "well reasoned decision denying the defendant's motion to reargue and for reconsideration as a statement of the facts and the applicable law with respect to the issues raised in [the] appeal." *Newtown* v. *Ostrosky*, supra, 202 Conn. App. 16.

Guided by this court's interpretation of the rules of practice at issue, we turn to the facts of this case. The plaintiff's motion for default for failure to plead was filed on September 6, 2019, and was granted on September 17, 2019. The motion for judgment of strict foreclosure was filed eighteen days after the motion for default was filed and seven days after the default had entered. The defendant contends that, because the motion for judgment of strict foreclosure was filed only seven days after the default had entered, the motion violated the provision of Practice Book § 17-32 (b) stating that a motion for judgment shall not be filed before the expiration of fifteen days from the date of the notice of issuance of a default. As a result, she claims that the court was required to grant her motion to set aside the default. Alternatively, she argues that the default was set aside automatically under § 17-32 (b) when she filed her answer and special defenses on October 28, 2019. We disagree.

Contrary to the defendant's assertions, it is clear from the language of Practice Book § 17-33 (b) and the aforementioned cases that the fifteen day filing limitation in Practice Book § 17-32 (b) is not controlling in foreclosure proceedings. See, e.g., *Newtown* v. *Ostrosky*, supra, Superior Court, Docket No. CV-16-6060962-S (motion for judgment of strict foreclosure filed one day prior

to entry of default by clerk for failure to plead was not premature). As we explained in *Bertrand*, "§ 17-33 expressly exempts the judicial authority from complying with . . . § 17-32 (b) in foreclosure proceedings and permits the court to render a default and a judgment thereon simultaneously." *Deutsche Bank National Trust Co.* v. *Bertrand*, supra, 140 Conn. App. 661. Indeed, § 17-33 (b) expressly authorizes a court to render judgment in foreclosure cases "at or after" the time default is entered "*notwithstanding Section 17-32 (b) . . . provided the plaintiff has also made a motion for judgment* and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority. . . ." (Emphasis added.) Practice Book § 17-33 (b). The defendant's claim simply cannot be squared with this court's decisions interpreting § 17-33. If, as this court has held, a court can render a judgment of strict foreclosure simultaneously with a default, or render a judgment of strict foreclosure one day, or two days, or three days after a default is entered, a plaintiff surely cannot be required to wait fifteen days from the entry of a default before filing a motion for judgment of strict foreclosure.

The defendant nonetheless argues that, given the specific facts of this case, this court should conclude that the court was required to set aside the default or, alternatively, that the default automatically was set aside when she filed her answer and special defenses. Among other things, the defendant claims "that a plaintiff can essentially use [Practice Book] § 17-33 (b) as a means to foreclose a defendant from filing a pleading, even [if] it does not intend to proceed on its motion for judgment." In particular, the defendant argues that, "[t]aking this case as an example, the plaintiff's motion for default was filed on September 6, 2019, and that motion was granted on September 17, 2019. It is worth noting that the defendant was self-represented at the time. The motion for judgment was then filed on September 24, 2019. This was within the fifteen days prescribed by Practice Book [§] 17-32 (b). The motion for judgment likely first came on the short calendar in the first two weeks of October and was not prosecuted. In fact, none of the other necessary judgment documents (i.e., foreclosure worksheet or affidavit of debt) were filed alongside the September, 2019 motion for judgment of strict foreclosure. However, at that point, the harm is already done. Even if the plaintiff does not prosecute the motion for judgment for months or even years, the defendant is nonetheless required to move to open the default. The defendant avers that this was not the intent of this statutory scheme. The default, in such a situation, should be automatically opened, without the need for a motion, which in this case the defendant filed in an abundance of caution."

The defendant's contentions are not persuasive. First,

and most importantly, they find no support in the language of Practice Book §§ 17-32 and 17-33 or our cases interpreting those provisions. Second, contrary to the defendant's assertion, nothing prevented her from filing a timely pleading in this case in the first instance or from filing a motion to set aside the default and making the requisite showing of good cause. Third, the record does not support the defendant's contention that the plaintiff was not prepared to proceed with its first motion for judgment of strict foreclosure when it was filed. The court ultimately did not entertain that motion and instead rendered judgment on the plaintiff's second motion for judgment in September, 2021, because the defendant sought reinclusion in the foreclosure mediation program after the first motion for judgment was filed.[3]

For all of the foregoing reasons, we conclude that the court was not required to set aside the default and that the default was not set aside automatically when the defendant filed her answer and special defenses.

## II

The defendant next claims that the court abused its discretion by denying her motion to set aside the default. The defendant claims, in a conclusory fashion, that the court abused its discretion because she "was previously self-represented and, upon obtaining counsel, filed an answer and special defenses prior to the court acting on the plaintiff's motion for judgment of strict foreclosure." We disagree.

Practice Book § 17-42 provides in relevant part that "[a] motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for *good cause shown* upon such terms as it may impose. . . ." (Emphasis added.) "[The] determination of whether to set aside [a] default is within the discretion of the trial court . . . [and] such a determination will not be disturbed unless that discretion has been abused or where injustice will result." (Internal quotation marks omitted.) *Westry* v. *Litchfield Visitation Center*, supra, 216 Conn. App. 875.

Because the default that entered against the defendant was not set aside automatically when she filed her answer and special defenses, it was incumbent on the defendant to file a motion to set aside the default with the court and to demonstrate good cause for doing so. Although the defendant claims that the court erred in denying her motion to set aside the default, her claim fails for the simple reason that her motion did not allege any facts demonstrating that good cause existed. See, e.g., *Chevy Chase Bank, F.S.B.* v. *Avidon*, 161 Conn. App. 822, 833, 129 A.3d 757 (2015) (trial court did not abuse its discretion in denying motion to set aside default because "[t]he defendant's motion to open the default did not allege any facts demonstrating that good

cause existed to set aside the default").

It is clear from the record that the plaintiff filed a motion for default for failure to plead approximately one year after it commenced the action against the defendant. The plaintiff filed the motion after the foreclosure mediation period had terminated due to the defendant's failure to appear at the last mediation session. Instead of explaining in her motion to set aside the default why she did not timely file her responsive pleading, the defendant, through counsel, simply sets forth the parties' mediation efforts and indicated that mediation ended because she missed a scheduled mediation session on July 30, 2018. She claimed that she was unaware that she should have filed a motion for continuance or a motion to extend the mediation period and that she would be filing a motion for reinclusion into the mediation program. The defendant's motion to set aside then noted that the defendant's counsel took the position that the default was automatically set aside when the defendant filed her answer and special defenses and that the motion had been filed out of an abundance of caution. The defendant's motion, however, did not provide any meaningful explanation for her failure to plead on time. On this record, we cannot conclude that the court abused its discretion in denying the defendant's motion to set aside the default. See, e.g., *Snowdon* v. *Grillo*, 114 Conn. App. 131, 142, 968 A.2d 984 (2009) ("[w]e agree with the court that the defendant's explanation for failing to plead did not rise to the level of good cause").

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Practice Book § 17-20 (d) provides in relevant part: "If the defaulted party files an appearance in the action prior to the entry of judgment after default, the default shall automatically be set aside by operation of law. . . ."

[2] Although the defendant's brief also sets out the claim that the "trial court erred in its interpretation of Practice Book § 17-33 (b)," that claim is subsumed in our discussion of her first claim.

[3] We also reject the defendant's contention that the plaintiff could not avail itself of the benefits of Practice Book § 17-33 (b) because its first motion for judgment did not comply with the requirement of subsection (b) that a plaintiff submit with such motions the "necessary affidavits of debt or accounts or statements verified by oath, in proper form . . . ." Practice Book § 17-33 (b). Although § 17-33 requires such documents to be submitted in order for a court to render a judgment of foreclosure, we do not interpret the rule to require such documents to be submitted simultaneously with the motion for judgment. Such a requirement is not evident from the plain language of the rule. Moreover, such an interpretation would serve no useful purpose and would disrupt the customary practice of filing such documents on or shortly before a hearing on motions for judgment in foreclosure matters so that courts may enter orders based upon the most current and accurate financial information.